400 So.2d 463 (1981)
Jules J. COHEN, Appellant/Cross-Appellee,
v.
Rosalyn L. COHEN, Appellee/Cross-Appellant.
No. 79-536.
District Court of Appeal of Florida, Fourth District.
January 14, 1981.
On Rehearing July 1, 1981.
*464 William John Mason and John C. Maine, Jr., Mason & Meyerson, P.A., Miami, for appellant/cross-appellee.
Robert Urich, Urich & Shenkman, P.A., Miami, for appellee/cross-appellant.
PER CURIAM.
The parties were divorced in New Jersey in 1975. The terms of the judgment required the ex-husband to pay a total of $900 per month to the ex-wife, $750 for the support of the parties' three children and $150 for alimony, in addition to certain health care costs and insurance premiums incurred on behalf of the children. Following the divorce, the ex-husband was chronically in arrears in his support payments. As a result the ex-wife obtained four judgments against him, totalling more than $14,000. To satisfy the judgments, he relinquished his interest in the parties' home.
The ex-husband moved to Florida and began to incur the same arrearages in support and alimony which he had previously experienced, paying only $450 per month toward his obligations. He opened an office for the practice of osteopathic medicine, married his office manager, moved into her home which was also occupied by her three children and began to contribute about $500 per month toward household expenses.
In May, 1978, the ex-wife filed a petition to increase child support and alimony. She alleged that from 1972 to 1975, her ex-husband religiously had paid $350 per week in support, but in 1975 the New Jersey court ordered him to pay only $900 per month at a time when he had closed his medical practice, had accepted a part time medical position in Florida which paid him $16,000 per year and had planned to open a practice in Florida.
The ex-husband's income tax returns for 1976 and 1977 showed a gross income from his practice of $47,605 and $81,326,[1] respectively, and net profits of $14,515 and $26,462, respectively. The latter return reflected salary paid to his present wife, who was the office manager and medical technician, of $15,455. He contended that his present wife did the work of two employees and that it would cost $400 per week to replace her.
The ex-wife testified at the January, 1979, hearing that she was a full time law student on scholarship and without any income; that the children had medical and dental needs that she could not afford to remedy; that two of the children were attending private school by virtue of special dispensation given by the school in light of her financial need; and that she and the children required $2,500 per month for their living expenses.
*465 Based on the foregoing the trial court increased the child support $100 per month per child and denied any increase in alimony. We believe it was within the trial court's discretion to do so, since it could properly have found that there was a substantial change in circumstances from the time of the original award in New Jersey and the date of the hearing in the Florida trial court. See Petersen v. Petersen, 392 So.2d 298 (Fla. 4th DCA 1980).
The other issues raised by the ex-husband are the reopening of the hearing by the trial court to consider the issue of attorney's fees and the award of $3,197.50 to the ex-wife's attorney notwithstanding the absence of any testimony from her attorney. However, the parties and another attorney who had examined the office file of the ex-wife's attorney testified as to the amount of attorney's fee. Therefore, we find these arguments are without merit.
Accordingly, the order of the trial court is affirmed.
AFFIRMED.
DOWNEY, GLICKSTEIN and HURLEY, JJ., concur.

ON REHEARING
GLICKSTEIN, Judge.
Appellant raises three points in his petition for rehearing, one of which is meritorious.
At the hearing on attorney's fees appellee's attorney did not testify and stated incorrectly that it would not be proper for him to do so. Appellant's attorney timely objected to any award for attorney's fees in the absence of testimony from appellee's attorney, notwithstanding that an expert witness had testified as to the value of the attorney's services.
We have previously held that an award for attorney's fees requires substantial competent evidence. Leader Mortgage Co. v. Rickards Electric Service, Inc., 348 So.2d 1202, 1205 (Fla. 4th DCA 1977); Benitez v. Benitez, 337 So.2d 408 (Fla. 4th DCA 1976). Implicit in this is the requirement that the value of services be proven by expert witnesses. Tanner v. Tanner, 391 So.2d 305 (Fla. 4th DCA 1980); Lyle v. Lyle, 167 So.2d 256 (Fla. 2d DCA 1964).
We have not previously addressed the question of the necessity of the subject party's attorney testifying as to his services although Lyle v. Lyle, supra, expressly recognizes such to be the practice. See also Nivens v. Nivens, 312 So.2d 201 (Fla. 2d DCA 1975). Appellee points out that in Fatolitis v. Fatolitis, 271 So.2d 227 (Fla. 2d DCA 1973), the expert was apparently the only witness who testified as to attorney's fees.
Upon reflection, in view of appellant's objection, we hold that the testimony of appellee's attorney should have been required by the trial court. Accordingly, on petition for rehearing we adhere to our previous decision except on the question of the award of attorney's fees. As to such award we grant rehearing and reverse and remand to the trial court for the purpose of a further hearing in accordance with this opinion.
DOWNEY and HURLEY, JJ., concur.
NOTES
[1] At the hearing on attorney's fees the ex-husband testified that his 1978 gross income was about the same as 1977.