423 So.2d 1015 (1982)
LEON SHAFFER GOLNICK ADVERTISING, INC., d/b/a the Golnick Company, Appellant,
v.
Jerry CEDAR, Appellee.
No. 82-192.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
*1016 Charles H. Brodzki of F. Ronald Mastriana, P.A., Fort Lauderdale, for appellant.
John A. Friedman of Casoria, Goff & Friedman, P.A., Fort Lauderdale, for appellee.
GLICKSTEIN, Judge.
This is an appeal from a final judgment, which we reverse and remand. In doing so, we wish to comment upon the misunderstanding and misuse of the Florida Rules of Civil Procedure; the necessity for consideration of amendments thereto because of what we believe to be other than isolated misuse; and a practice we would like to see terminated.
Appellee, who formerly was employed by appellant, brought this action against it to collect commissions, and to be reimbursed for expenses and compensated for vacation time. The employer's attorney filed only a "Notice of Appearance" within twenty days of service of process on his client. Appellee moved for default, and hearing was set on the motion. A week prior to the hearing, appellant's attorney filed an answer, affirmative defenses and a motion to dismiss. Appellant's attorney did not appear at the hearing on the motion; and the trial court noted this non-appearance in the default judgment which it entered and refused to vacate. At the hearing on the motion to vacate, both attorneys made unsworn representations about the non-appearance of appellant's attorney at the hearing on appellee's motion for default. Final judgment was entered, and rehearing denied.
First, the misunderstanding was that of the trial court as to the effect of Florida Rule of Civil Procedure 1.500(b) and (c).[1] When appellant filed its answer, affirmative defenses and motion to dismiss  days prior to the hearing on the motion for default  it deprived the trial court of the authority to consider whether a default should be entered or to enter one.[2] The hearing on the motion was superfluous; and the attorney's non-appearance was legally justified, albeit rude if he was noticed and failed to contact the court.
Second, the misuse was that of appellant's attorney by filing a notice of appearance admittedly because he knew the clerk could not enter a default with the notice in the court file, and doing so for the purpose of getting additional time in which to plead. We believe this practice is used often by others, and we condemn it.[3]
Third, the amendment we urge is with respect to Florida Rule of Civil Procedure 1.500(a),[4] (b) and (c) wherein the word "paper" is being used by attorneys as their justification for filing notices of appearance  nothing more  to gain time for the filing of pleadings. We urge the elimination of such word and its substitution with the words "motion or responsive pleading."
Fourth, the practice we wish to see terminated is that of attorneys making unsworn *1017 statements of fact at hearings which trial courts may consider as establishing facts. It is essential that attorneys conduct themselves as officers of the court; but their unsworn statements do not establish facts in the absence of stipulation. Trial judges cannot rely upon these unsworn statements as the basis for making factual determinations; and this court cannot so consider them on review of the record. If the advocate wishes to establish a fact, he must provide sworn testimony through witnesses other than himself or a stipulation to which his opponent agrees.
DOWNEY and BERANEK, JJ., concur.
NOTES
[1] Subsections (b) and (c) of Florida Rule of Civil Procedure 1.500, which deals with defaults and final judgments thereon, provide:

(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default.
(c) Right to Plead. A party may plead or otherwise defend at any time before default is entered. If a party in default attempts to file any paper after a default is entered except under subdivision (d), the clerk shall return the paper to the party and notify him of the entry of the default. The clerk shall make an entry on the progress docket of the action taken.
[2] See Travelers Ins. Co. v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977); and Board of Regents v. Hardin, 393 So.2d 1134 (Fla. 1st DCA 1981).
[3] See Miami Steel Traders, Inc. v. Ryder Truck Lines, Inc., 401 So.2d 1146 (Fla. 3d DCA 1981).
[4] Florida Rule of Civil Procedure 1.500(a) provides for defaults:

By the Clerk. When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper.