427 So.2d 261 (1983)
The HEIRS OF the ESTATE OF Dorothy O. WALDON, Appellants,
v.
Raymond J. ROTELLA, Trustee, Appellee.
No. 82-1169.
District Court of Appeal of Florida, Fifth District.
February 16, 1983.
*262 Linton S. Waterhouse, Orlando, for appellants.
Raymond J. Rotella of Zinkow, Kosto & Rotella, Orlando, for appellee.
COBB, Judge.
This is an appeal arising out of probate proceedings for the Estate of Dorothy O. Waldon. Ms. Waldon was survived by four children: Blanche O. Ray, John W. Waldon, Jr., Ernestine Mosley and Beatrice P. Theodore. Letters of Administration were issued on May 4, 1977, appointing Blanche O. Ray as the personal representative. Blanche Ray, however, ultimately filed a petition in bankruptcy. Attorney Raymond Rotella was appointed the trustee of the bankruptcy estate, and he filed a petition to intervene in the probate proceedings to assert his claim to Blanche Ray's interest. The petition to intervene was filed on November 29, 1979, and granted by Order dated December 11, 1979.
The interest of Blanche Ray in the probate estate was eventually ordered to be distributed to Rotella as the trustee of the bankruptcy estate. On May 20, 1981, upon motion by Rotella, the court removed Blanche Ray as the personal representative, ruled that Rotella was entitled to any and all disbursements from the estate to which Blanche Ray would be entitled, and further ordered that the distribution to Rotella would be free and clear of any and all liens except for one lien which had previously been approved by the court. This order was appealed to this court by the heirs, resulting in a reversal. See Ray v. Rotella, 425 So.2d 94 (Fla. 5th DCA 1982).
*263 On May 28, 1981, Letters of Administration in the Estate of Dorothy O. Waldon were issued to Rotella as the successor personal representative. Thereafter, he was acting as personal representative of the probate estate, trustee in bankruptcy, and attorney for himself in both capacities. On September 4, 1981, he filed a motion for the allowance of attorney's fees to himself as attorney for the personal representative. A hearing was held on April 8, 1982, on the motion for attorney's fees. Since the record had been transferred to the clerk of this court pending disposition of the prior appeal, the record was unavailable for the trial court's review and the court and the parties concluded at the end of the hearing that they would not be able to enter an order until such time as the record was returned. Nevertheless, the motion was reset for hearing. The attorney for the heirs filed a motion for continuance, basing his motion upon the lack of a court file upon which the court could rule. A second hearing was held, and the court entered an order awarding Rotella $2,445.00 for legal services rendered up to and including September 4, 1982, and awarding Rotella's expert witness $375.00 as an expert witness fee. The heirs filed a notice of appeal from this order, which this court recognizes as a "final" order for appeal purposes. See Fla. R.P. & G.P. 5.100; In re Estate of Beeman, 391 So.2d 276 (Fla. 4th DCA 1980); In re Estate of Cook, 245 So.2d 694 (Fla. 2d DCA 1971).
On August 27, 1982, Rotella filed a motion asking the court to authorize the appointment of a realtor to sell the deceased's home, which is the only remaining asset of the estate, in order to pay the attorney's fee. The heirs filed an objection to this motion, with supporting affidavits, but the court nonetheless entered an order on September 15, 1982, authorizing the appointment of a realtor for the sale of the estate property. This order has been stayed pending resolution of this appeal.
Because of the many "hats" which were being worn by Rotella (trustee in bankruptcy, attorney for the trustee in bankruptcy, personal representative of the probate estate, and attorney for the personal representative), the appellants argue that the court file was absolutely necessary for the court's review to determine whether the services for which Rotella sought compensation were actually services rendered on behalf of the estate and which are otherwise compensable from estate funds. It is, of course, a fundamental principle of probate law that an attorney for the personal representative is only entitled to compensation for necessary legal services rendered for the estate; while there is nothing to prohibit the attorney from doing executorial services which the personal representative would normally perform, he must look to the personal representative for payment of those services, not the estate. In re Estate of Lieber, 103 So.2d 192 (Fla. 1958).
The same is true of services rendered by the attorney for the probate estate which were in actuality performed for the trustee in bankruptcy. Such services are not compensable from estate funds, but must be compensated either by the trustee in bankruptcy or from the funds of the bankruptcy estate. Naturally, if all four positions currently held by Rotella were held by separate individuals, separation of the four functions would be much easier.
The standard for awarding attorney's fees from estate funds has long been well established. In order to be entitled to a reasonable attorney's fee from estate funds, the lawyer's services must have been either necessary for or beneficial to the probate estate. In re Gleason's Estate, 74 So.2d 360 (Fla. 1954); In re Estate of Freedman, 340 So.2d 1275 (Fla. 3d DCA 1977). Particularly relevant to this proceeding is that Rotella is seeking compensation for some services which were rendered before he became personal representative on May 28, 1981. Indeed, of the forty-three timesheets offered into evidence at the April 8, 1982 hearing, thirty-five of them were rendered prior to May 28, 1981. The total time for these timeslips was 30.3 hours. We recognize that attorneys other than attorneys for the personal representative may *264 sometimes be entitled to compensation from estate funds where they render necessary or beneficial services for the estate. Johnson v. Burleson, 61 So.2d 170 (Fla. 1952). But the case law is equally clear that the trial court should exercise great care in rendering such an award. In re Estate of Blankenship, 136 So.2d 21 (Fla. 2d DCA 1961); In re Estate of Farris, 113 So.2d 721 (Fla. 3d DCA), cert. denied, 116 So.2d 775 (Fla. 1959). The appellants submit that this was impossible where the trial court did not even have the court file to review.
Without having the court file for review, the trial court had an inadequate basis from which to determine whether the services rendered by Rotella were properly compensable from estate funds. Indeed, it would be much the same as an appellate court ruling on an appeal with nothing but the briefs and perhaps oral argument before it and without a record to support those briefs. Cf. Combs v. State, 420 So.2d 316 (Fla. 5th DCA 1982); Lee v. State, 374 So.2d 1094 (Fla. 4th DCA 1979). It is clear from a review of the record in this proceeding that the real focus of Rotella's actons were not necessary legal services on behalf of the estate, and many were not performed with an intent to benefit the probate estate, but rather to obtain money for the bankruptcy estate. Such services should be compensated by the bankruptcy estate rather than the probate estate.
We reverse and remand for reconsideration of the fee award in this case based on the complete record and the decisions of this court herein and in the Ray opinion authored by Judge Cowart.
REVERSED and REMANDED.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.