## IN RE: GUARDIANSHIP OF SCHWARZMANN
## Case No. 82-2317 CP
Fifteenth Judicial Circuit, Palm Beach County

May 2, 1986

### APPEARANCES OF COUNSEL

**Stanley Hyman** for the guardianship.

### OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

*ORDER FIXING FEES FOR GUARDIAN OF THE PERSON AND PROPERTY, AND ATTORNEY*

Stanley Hyman, attorney, is the guardian of the person and property of Grace Schwarzmann, an incompetent person. Originally, the guardianship was of a voluntary nature, but ultimately the ward was declared incompetent in Case No. 84-384-MH-P, by reason of organic brain syndrome.

The petition for the order authorizing payment of attorney's fees was filed April 3, 1986 and reflects the expenditure of 53 hours of effort during the calendar year 1985 and seeks $100 per hour for these efforts

for a total fee of $5,300. Substantiating the request is the guardianship file time sheet, Exhibit A, attached to the petition. The court reviewed the time sheet and ascertained of the 53 hours of effort, 12.5 hours could be attributed to efforts performed in the capacity of an attorney and 40.5 hours attributed to efforts as guardian over the person and property of the ward.

Based upon the authority set forth in the cases styled: *In re: Estate of Max Lieber, Deceased,* 103 So.2d 192 (Fla.1958) and *Heirs of the Estate of Waldon v. Rotella,* 427 So.2d 261 (Fla.5th DCA 1983), the court set the matter for evidentiary hearing to determine fees.

At the hearing Stanley Hyman presented to the court an affidavit of Joseph Lane Woodcock, a licensed attorney practicing law in the State of Florida who stated to the court, under oath, in his opinion total, reasonable, compensation for attorney's fees would be $5,300 because of the difficulties in this guardianship.

Michael Gerstein, a local attorney, similarly testified in person, he felt time spent was reasonable and $100 per hour was a reasonable fee to be paid, as did the petitioner, Stanley Hyman. Additionally, in support of this petition he presented to the court an approval of his $5,300 fee by his 85 year old ward who has been declared mentally incompetent.

The issue presented to the court throughout the entire hearing was one of philosophy, in that the petitioner's position is that he is a lawyer and all time expended in pursuance of duties relating to the case should be reimbursed as attorney time.

The court's position was to the contrary, that he should be reimbursed as a lawyer when performing legal services and as a guardian when acting in that capacity; always taking into consideration any special circumstances which might arise during either of his capacities.

Unfortunately, in circumstances such as this, there are no other parties to protect the ward, except the court; for in this instance the attorney, guardian of the person, and guardian of the property, are all one and the ward has been judicially declared mentally incompetent.

F.S.744.108 provides:

"A guardian of the person or of the property shall receive a reasonable fee for his services to be fixed by the court after such notice as the court shall require."

F.S.744.424 is the statute which allows the court to enter an order fixing attorney's fees and approving expenses; specifically sub-paragraph (3) providing:

2

"If the guardian is a practicing attorney at law in this state and has rendered legal services is connection with his guardianship duties, he shall be allowed reasonable fees in addition to his expenses and compensation provided by law for him as guardian."

Both the Legislature of the State of Florida and this state's highest legal tribunal recognize there is a distinction between those duties performed by a guardian and those legal duties performed by an attorney and the compensation to be awarded for those services should be based upon the nature of the duty performed in the respective capacity, rather than the general occupation pursued by the guardian.

Through experience as a Judge within the Probate and Guardianship Division in the Fifteenth Judicial Circuit, traditionally guardians of the person and property have been willing to serve for compensation ranging from $10 an hour to $25 an hour, (omitting those family guardianships in which frequently such services are performed without the expectation of any fee whatsoever.) Admittedly, there was no evidence presented to the court as to this latter figure, but in guardianship proceedings such as these, there is no one else to represent the ward and the court is duty bound to protect the assets of the ward, recognizing the guardian is to receive a reasonable fee for services as the statutes so provide. It is thereupon,

ADJUDGED:

1. Stanley Hyman, as guardian of the person and property for Grace O. Schwarzmann, is awarded $25 an hour for his 40.5 hours' efforts performed totaling $1,012.50.

2. Stanley Hyman, as attorney performing legal services for Grace O. Schwarzmann, is awarded $125 and hour for the 12.5 hours' efforts performed, totalling $1,562.50.