496 So.2d 989 (1986)
Dennis M. LADOFF, Appellant,
v.
Audrey LADOFF, Appellee.
No. 4-86-1889.
District Court of Appeal of Florida, Fourth District.
November 5, 1986.
Michael C. Meisler of Michael C. Meisler, P.A., Fort Lauderdale, for appellant.
E. Ross Zimmerman of Weinstein & Zimmerman, P.A., Fort Lauderdale, for appellee.
DELL, Judge.
Appellant seeks reversal of an order entered in a dissolution proceeding that awarded appellee $2,000 in temporary attorney's fees. Appellant contends that the record does not contain any evidentiary support for the trial court's award of attorney's fees. We agree.
While the record of the hearing on temporary attorney's fees contains argument of counsel, an unsworn verbal statement by appellant, and an exchange of views between the court and counsel, it does not contain any competent evidence concerning *990 appellant's ability to pay or appellee's need for temporary fees.
Trial judges cannot rely upon ... unsworn statements as the basis for making factual determinations; and this court cannot so consider them on review of the record. If the advocate wishes to establish a fact, he must provide sworn testimony through witnesses other than himself or a stipulation to which his opponent agrees.
Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015, 1017 (Fla. 4th DCA 1982).
Appellee's counsel did not introduce the financial affidavits filed by the parties into evidence, nor did he furnish any other evidentiary basis for the amount awarded by the court. After discussing the case with counsel, the court simply stated:
Let's give them a couple of thousand dollars to get the fight back in the ballpark here, then we can go at it.
Appellee's failure to make any evidentiary showing whatsoever in support of her petition for temporary attorney's fees requires us to reverse and remand this case for further proceedings. See Child v. Child, 474 So.2d 299, 302 (Fla. 3d DCA 1985); Cummings v. Cummings, 330 So.2d 134, 136 (Fla. 1976).
REVERSED and REMANDED.
HERSEY, C.J., and ANSTEAD, J., concur.