GLICKSTEIN, Judge,
dissenting.
The majority’s election to affirm by way of PCA is regrettable because their reasons for affirming, when there was no sworn motion nor evidence of prejudice upon which the trial court could make its findings of fact, will not have been recited.
Appellee, who has filed no brief herein, was charged with committing the third degree felony of grand theft in violation of section 812.014(2)(b)(l), Florida Statutes. Between January 8 and March 26, 1983, *1152 appellee earned $2,294.39 as part-time employment income. However, in applying for and obtaining $1,500 of benefits from the Florida Bureau of Unemployment Compensation, appellee misrepresented that she was unemployed during this period.
These facts were known to the State no later than December 13, 1984; yet the three-year statute of limitations was allowed to pass for charging appellee with unemployment compensation fraud (a third degree felony) under section 443.071(1), Florida Statutes. However, on February 24, 1987, the State charged appellee with committing the third degree felony of grand theft in violation of § 812.014(2)(b)(l), Florida Statutes, which has a five-year statute of limitations under section 812.035(10). Appellee waived arraignment and pled not guilty on March 26, 1987. She did not attack the right of the State, per se, to proceed under that section.
Instead, on May 14, 1987, appellee filed an unsworn motion to dismiss the pending charge, based on the unreasonable delay in filing the information against her. Essentially, appellee alleged that she had been told in 1983 by workers at the unemployment compensation office that her part-time employment was of no consequence. However, appellee claimed, due to the time that had elapsed between the State’s notice of the violation and the filing of charges, she would be prejudiced in the preparation of her defense by her inability to locate these people to corroborate her story.
On June 3, 1987, the State responded that appellee’s motion was untimely under Florida Rule of Criminal Procedure 3.190(c) insofar as it was filed subsequent to arraignment without prior leave of court. The State also responded that the motion was uncompelling on the merits.
Following a hearing on the merits, the trial court granted appellee’s motion to dismiss, and dismissed the information. The trial court found that although the State’s delay in filing the charge had not been malicious, it nonetheless had irreparably prejudice the defense. According to the trial court, appellee was prejudiced both because appellee could no longer locate the aforementioned workers for the Bureau and because the section 443.071(1) statute of limitation had run. This appeal followed.
Commencing with Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982), this court has held on a number of occasions that unsworn argument of counsel does not constitute a record for the finding of facts by a trial court. There is surely no reason not to apply this principle in a hearing conducted, as here, in a criminal case.
The unsworn motion, signed by her lawyer, did not allege the violation of any statute of limitations but confined itself to allegations of prejudice occasioned by delay. The defendant’s lawyer argued these allegations at the hearing and the trial court adopted the argument as findings of fact, saying, in part:
THE COURT: Okay, anything else?
MR. MURRELL: Judge, you got to balance the need for the delay against the prejudice. There was no need for this two and a half year delay.
THE COURT: All right, I have to make some findings of fact here.
The findings of fact that I make are that this case was presented to the Prosecutor’s office, actually, this case was originally presented for investigation in March of 1984. I so find. The case was presented to the Prosecutor’s office in December of 1984 for prosecution. From December of 1984 until February of 1987 the Prosecutor’s office took no action in the case. The Court does not attribute any bad faith to the Prosecutor’s office in taking no action in the case. It simply was, I guess, put on the back burner due to more pressing business, but the fact remains there was no action whatsoever, no investigation or any further action taken on the case for a period of December '84 to February of ’87, which is a long time.
During that period of time the question is, was there any prejudice that developed to the Defense? I find there was prejudice that developed to the Defense because the Defense, indicating in *1153 an earlier — stated the Defense of being, or having place on notice the department of this part time job, the workers who received the alleged notice can no longer be located, and that is some alleged prejudice that the Court will have to consider.
Considering the prejudice and the fact there was no investigation ongoing at all, it was simply a delay because there was a delay, the balance there seems to favor the Defense. Superimposed upon that, there is a question of the statute of limitations. The delay did necessitate or cause the statute of limitations to run on the charge which was presented to the State for prosecution and it did, in fact, run.
The State then went [sic] filing recognizing that the statute had run chose to file grand theft, which is a separate statute. I’m not attributing any bad faith to the Prosecutor’s action there, but it’s simply to keep the case alive when the original charge had died under the statute of limitations.
At the trial level and here, the state has contended that the defendant failed to establish prejudice. Its brief describes the defendant’s “suspect allegations” but does not cite nor rely upon the above cited case in support of its argument. It also argues, properly I think, that until the defendant has established actual prejudice no need for judicial inquiry into the reason for delay has ripened.
Whether the defendant could establish prejudice, by testimonial evidence, will never be known. The Unemployment Compensation Fund was allegedly defrauded of $1,500, with indirect impact presumably also on appellee’s former employer. The people of Florida were entitled to know whether this really happened. Alternatively, they were equally entitled to know, if prejudice were established by testimonial evidence, so that the trial court could make a valid, properly informed decision whether their public servants let a matter fall through the cracks.