520 So.2d 96 (1988)
STATE OF FLORIDA DEPARTMENT OF ENVIRONMENTAL REGULATION, Appellant,
v.
CHEMAIRSPRAY, INC., a Florida Corporation, and Juan Montalvo, Individually and As a Responsible Corporate Officer, and New Farm, Inc., a Florida Corporation, Appellees.
No. 87-0674.
District Court of Appeal of Florida, Fourth District.
February 17, 1988.
Paul R. Ezatoff, Deputy General Counsel, State of Fla. Dept. of Environmental Regulation, Tallahassee, for appellant.
Alvaro L. Mejer of Armstrong & Mejer, P.A., Coral Gables, for appellee Chemairspray, Inc.
Ricci & Roberts, P.A. and Larry Klein of Klein & Beranek, P.A., West Palm Beach, for appellee Juan Montalvo.
William L. Earl of Peeples, Earl & Blank, P.A., Miami, for appellee New Farm, Inc.
Lawrence L. Bass of Wiederhold, Moses & Bulfin, P.A., West Palm Beach, for appellee Florida Farm Bureau.
PER CURIAM.
From a non-final order denying its motion under rule 1.540(b), Florida Rules of Civil Procedure, to vacate dismissal of its complaint, appellant perfects this appeal.
The Department of Environmental Regulation (DER) filed a complaint against Chemairspray, Inc., and others, for imposition of civil penalties and recovery of hazardous waste cleanup costs. On May 4, 1986, DER's motion to set a case management conference was granted by the court and set for July 7, 1986. The conference was subsequently postponed by motion of Chemairspray until August 25, 1986, and then again by motion of the court until September 5, 1986.
DER failed to attend the case management conference. The court imposed, as sanctions for its failure to attend, an order dismissing DER's complaint without prejudice. DER filed a timely motion to vacate this order of dismissal pursuant to rule 1.540(b). Attached to the motion was an affidavit of the general counsel who was to attend the conference, which stated that he was ill on the day of the scheduled conference and unable to make the trip from Tallahassee to West Palm Beach, and that he had instructed his secretary to contact all parties and the court to notify them of his inability to attend. Also attached to the motion was the affidavit of the general counsel's secretary, stating that she had contacted all parties as well as the judge's secretary. After hearing, the motion to vacate was denied.
*97 The only issue before this court is whether the trial court abused its discretion in failing to set aside its dismissal of DER's complaint.
Rule 1.200(c), Florida Rules of Civil Procedure, provides that a trial court may impose sanctions for a party's failure to attend a case management conference, which sanctions may include dismissal of the action, striking the pleadings, or any other appropriate action. Rule 1.540(b) provides, inter alia, that, upon such terms as are just, the court may relieve a party from an order for mistake, inadvertence, surprise or excusable neglect.
The basis of the court's dismissal as reflected in the order appears to be the continuing dilatory behavior of DER. But as appellant contends, the record contains nothing to support such a finding. The order denying DER's motion to vacate the dismissal contains the following:
It was brought to the attention of the Court that this was not the first time that the plaintiff has failed to appear at a hearing set by the parties or by the Court... . It was further brought to the Court's attention that the plaintiff's failure to appear at previous hearings have (sic) caused delays and impositions upon the defendants, as it affects the defendant's businesses and business operations. These, and other reasons were announced at the hearing.
(Emphasis added.)
The record does not reflect exactly how these allegations were brought to the attention of the court, but it appears that it may have occurred through unsworn statements of counsel. There were apparently no affidavits submitted by appellees which support the finding of dilatory behavior. In Ladoff v. Ladoff, 496 So.2d 989, 990 (Fla. 4th DCA 1986), quoting from Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015, 1017 (Fla. 4th DCA 1982), this court stated:
Trial judges cannot rely upon ... unsworn statements as the basis for making factual determinations; and this court cannot so consider them on review of the record. If the advocate wishes to establish a fact, he must provide sworn testimony through witnesses other than himself or a stipulation to which his opponent agrees.
In Garland v. Dixie Insurance Co., 495 So.2d 785 (Fla. 4th DCA 1986), this court held that dismissal of a plaintiff's complaint without prejudice for failure to appear at a scheduled pretrial conference was too severe a sanction, because the record did not disclose a willful or intentional disregard of the trial court's order. In Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971), the issue was whether the trial court abused its discretion in denying the defendant's motion to vacate the final order of the court, entered at a pretrial conference which the defendant failed to attend. Finding the record devoid of any evidence reflecting a persistent refusal to attend or a willful disregard of an order of the court, and no response by the plaintiff to or refutation of the defendant's sworn motion and affidavit in support of his motion to vacate, this court reversed the order denying the motion to vacate.
These cases are controlling. There is no response from the defendants in this case to DER's sworn motions in support of its unavoidable failure to attend the conference, nor is there any support for the court's findings of continued dilatory tactics or previous failures to attend hearings. The requisite finding of a persistent refusal to attend or willful disregard of the court's order is not supported by the record as it stands before this court.
In its answer brief, Chemairspray argues that the trial court has broad discretion to control the trial of cases, and that because the court explicitly found that the contents of the affidavits filed by DER were untrue, DER cannot carry its burden in proving an abuse of discretion has occurred. This begs the question. There being no record support for the court's findings, the sanction imposed based upon those findings must be considered an abuse of discretion. Chemairspray cites no support for the court's findings in its brief, nor have any of *98 the parties included an appendix which would lend support to this argument.
Chemairspray also argues, relying on Davis v. Safeway Stores, Inc., 532 F.2d 489 (5th Cir.1976), that DER failed to advise the lower court of its internal procedures. In Davis, however, the court affirmed an order denying relief brought under the federal rule because the defendant/appellant failed to offer any explanation or excuse for his failure to answer the complaint. Such is not the case here, as the court was presented with the sworn affidavits of DER's attorney and his secretary.
The answer briefs filed by the remaining appellees add nothing to the issue. We conclude that the lower court abused its discretion in failing to set aside its dismissal of DER's complaint, where its findings of dilatory tactics are not supported in the available record and the sworn affidavits submitted by DER were unopposed.
REVERSED AND REMANDED.
HERSEY, C.J., and DELL and WALDEN, JJ., concur.