# IN RE: HIRSCH
## Case No. 85-1914 CP
Fifteenth Judicial Circuit, Palm Beach County

May 12, 1988

### APPEARANCES OF COUNSEL

**David T. Berg** as guardian of the property and guardian of the person of Louis Hirsch.

### OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

#### *ORDER DENYING GUARDIANSHIP FEES, WITHOUT PREJUDICE*

David T. Berg, counsel for the guardian of the property and guardian of the person of Louis Hirsch, filed his petition for attorney

fees, requesting $14,000. A review of the court file reflects since the entry of this court's last order, October 6, 1987, David T. Berg has performed the following services:

A petition for guardian's fee for guardian of the property which is one-half page in length and an order granting the petition;

The filing of the annual return which is a blank form having complete only the cover sheet reflecting the style of the .cause and second page relating to the signature block and attached thereto is a computerized printout by the Southeast Bank, guardian of the property which this court rejects as a proper accounting within the meaning of the guardianship laws;

Finally, the petition under consideration, having attached thereto the consent of Esther Hirsch, the incompetent's wife.

The court not being satisfied the foregoing effort as set forth in the court file warranted the paying of a $14,000 fee, by letter, requested counsel present to the court an affidavit setting forth his time and effort justifying these fees. The court has received the affidavit.

Basically, the affidavit reflects the failure to maintain detailed hourly charges, however, counsel states he has expended in excess of 13 hours each month for services rendered as set forth in his affidavit and his hourly rate is $200.

A review of the affidavit reflects services being rendered of a non legal nature in the overwhelming majority of instances; such as:

Supervision of personnel and private nursing services,

personal visitations by petitioner at the nursing home,

conferences with the incompetent, his nurses and doctors,

collecting mortgage payments which are due the incompetent,

making decisions as to the care, maintenance and services to the incompetent.

Florida Statute 744.108 has specifically set forth the criteria whereby guardians are to be paid a reasonable fee. Florida Statute 744.424 provides, if the guardian is a practicing attorney and has rendered legal services in connection with his guardianship duties, he shall be allowed reasonable fees in addition to his expenses and compensation provided by law for him as guardian.

The Florida Supreme Court has addressed the question of attorney fees for personal representatives which is analogous to those fees paid to guardians and has stated:

**103**

"Attorneys who are called upon by personal representatives to perform non legal services for the estate should, in order to protect their right to compensation, make clear to the personal representative that he must pay the attorney for such work out of the compensation allowed the personal representative and that it can not be charged against the estate as legal services.

We realize that few attorneys will do this for fear of offending the personal representative who engaged them, but that is a matter for those so situate to resolve between themselves."

*In re: Liebers Estate,* 103 So.2d 192 (Fla. 1958); *Heirs of The Estate of Waldon v. Rotella,* 427 So.2d 261, (Fla. 5th DCA 1983).

This court takes notice that fees awarded to attorneys for legal services in guardianship matters in this community range somewhere between $125 to $150 an hour and it is only on rare occasions that court approved fees exceed that amount. Fees paid to guardians of the person range from $.00 (gratuitious services) to $50 an hour.

The court is unable to determine which number of hours are related to legal matters and which number of hours are related to non legal matters by the guardian, but does note a straight charging rate of $200 an hour irrespective of the nature of the service rendered is totally unreasonable. It is thereupon,

ADJUDGED petition by David T. Berg, counsel for the guardian of the property and guardian of the person of Louis Hirsch, is denied without prejudice.

ORDERED May 12, 1988 at West Palm Beach, Palm Beach County, Florida.