855 So.2d 1267 (2003)
Michael D. BROWN, Esquire, Appellant,
v.
The SCHOOL BOARD OF PALM BEACH COUNTY, and D's and D's Transport & Equipment, Inc., a Florida corporation, Appellees.
No. 4D02-3937.
District Court of Appeal of Florida, Fourth District.
October 15, 2003.
*1268 Michael D. Brown and Byron R. Cornwell of Brown & Associates, P.A., Riviera Beach, for appellant.
Donna M. Greenspan of Edwards & Angell, LLP, West Palm Beach, for appellee The School Board of Palm Beach County.
PER CURIAM.
This is an appeal from a trial court's order sanctioning an attorney for fees and costs incurred when he failed to attend a deposition scheduled by the School Board of Palm Beach County. We reverse and remand.
Michael D. Brown, an attorney, represented D's and D's Transport & Equipment, Inc. in an action for trespass and breach of contract filed by the School Board. A final judgment in favor of the School Board was entered. Brown filed a Notice of Appeal on behalf of D's and D's. The trial court then entered a second Final Judgment awarding attorney's fees in favor of the School Board and against D's and D's. Brown filed a second Notice of Appeal on behalf of D's and D's, appealing the attorney's fee award. On February 11, 2002, the School Board served Brown with a Notice of Taking Deposition in Aid of Execution, seeking to depose a corporate representative of D's and D's. The deposition was set to take place on March 8, 2002. On March 5, Brown wrote the School Board letting them know that he would not be able to attend the deposition on March 8. Brett Horowitz, counsel for the School Board, responded to Brown in a letter, stating that he would consider rescheduling the deposition. Horowitz then requested that Brown respond that afternoon with possible dates for the deposition between March 6 and March 18. Horowitz stated that if Brown was unable to suggest a possible date before March 18, he expected Brown, or another attorney from his office, to be available on March 8. Horowitz also stated that in the alternative, Brown could obtain a protective order from the trial court. Brown did not respond with alternative dates or seek a protective order. Neither Brown nor D's *1269 and D's representative appeared for the deposition on March 8.
On March 13, 2002, the School Board filed a Motion for Sanctions and Order Compelling Discovery based on Brown's failure to attend the deposition on March 8. On March 15, Brown filed a motion to withdraw as counsel for D's and D's with this Court, which we granted. On March 27, the trial court issued Brown an Order to Show Cause pursuant to the School Board's Motion for Sanctions and Order Compelling Discovery. The trial court set this matter for an evidentiary hearing on April 22, 2002.
For the most part, the hearing consisted of the arguments and the unsworn testimony of Horowitz and Brown as to the circumstances surrounding the March 8 deposition. Neither attorney objected to the unsworn testimony of the other. The trial court did hear the sworn testimony of one witness and was also presented with several exhibits by the School Board. The trial court then issued an order sanctioning Brown, "individually, for attorney's fees and costs [that] his conduct necessitated the School Board to expend in attempting discovery in aid of execution until the Fourth District Court of Appeal afforded him leave to withdraw." The trial court held another hearing on August 19, 2002 in which it considered the amount of attorney's fees to award. After the hearing, the trial court entered its Final Order of Sanctions Against Michael D. Brown stating in part that:
Brown's intentional failure to: (1) appear at the deposition; (2) respond to requests to reschedule the deposition; and (3) seek a protective order from the court was not justified and was evidence of bad faith and entitled Plaintiff to an award of sanctions.
In its Final Order of Sanctions, the trial court finds two grounds for imposing sanctions on Brown. The first ground is the court's "`inherent authority to assess attorney's fees against an attorney litigating in bad faith.'" Patsy v. Patsy, 666 So.2d 1045, 1047 (Fla. 4th DCA 1996). The court also correctly notes that under Moakley v. Smallwood, 826 So.2d 221, 227 (Fla.2002), `"the trial court's exercise of the inherent authority to assess attorney's fees against an attorney must be based upon an express finding of bad faith conduct and must be supported by detailed factual findings.'" The second ground the trial court cites as a basis for imposing sanctions against Brown is Rule 1.380(d) of the Florida Rules of Civil Procedure. Under this rule, the trial court states that it may "assess costs and attorney's fees where there is a failure to appear for a properly notified deposition unless the court finds that the failure to appear is justified or the party has obtained a protective order." Thus, under both standards the court cites for awarding sanctions to the School Board, certain facts must be established before the court may sanction a party.
The alleged facts of this case were presented by both sides at the evidentiary hearing held on April 22, 2002. This hearing, which resulted in the trial court sanctioning Brown, was dominated by the unsworn testimony of attorneys, Brown and Horowitz. At this hearing, the attorneys did not make any stipulations as to the facts in this case.
This Court has previously stated that:
[an attorney's] unsworn statements do not establish facts in the absence of stipulation. Trial judges cannot rely upon these unsworn statements as the *1270 basis for making factual determinations; and this court cannot so consider them on review of the record. If the advocate wishes to establish a fact, he must provide sworn testimony through witnesses other than himself or a stipulation to which his opponent agrees.
Leon Shaffer Golnick Adver., Inc. v. Cedar, 423 So.2d 1015, 1017 (Fla. 4th DCA 1982). Contra Bartholomew v. Bartholomew, 611 So.2d 85 (Fla. 2d DCA 1992). Thus, in this case, the trial court improperly relied on the unsworn statements of Brown and Horowitz in making its decision. Accordingly, we reverse the trial court's decision and remand for further proceedings.
REVERSED and REMANDED for further proceedings.
GUNTHER and KLEIN, JJ., concur.
GROSS, J., specially concurs with opinion.
GROSS, J. concurring specially.
I concur in the majority opinion, because the rule of Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015, 1017 (Fla. 4th DCA 1982) is firmly entrenched; in the absence of a stipulation, unsworn statements by the attorneys cannot be the basis for factual findings by the trial court. Stare decisis compels reversal.
It seems to me that the law should require an objection to preserve the issue for appellate review. At brief hearings on attorney's fees or sanctions like the one in this case, it is not uncommon for each attorney to present one side of the case without any objection or request for cross-examination from the other. If I were writing on a blank slate, I would hold that such silence waived the objection to the court relying on unsworn testimony. To do otherwise is to allow an attorney to blindside an opponent by springing a "gotcha" argument on appeal. A timely objection would allow the deficiency in proof to be cured without requiring the time and expense of an appeal and a second hearing.
My reading of the law in this district is that no timely objection is required to preserve the Leon Shaffer objection on appeal. In Leon Shaffer, it does not appear that there was any objection to the attorneys' unsworn testimony in the trial court; "both attorneys made unsworn representations about the non-appearance of appellant's attorney" at a hearing. 423 So.2d at 1016.
Similarly, in Ladoff v. Ladoff, 496 So.2d 989 (Fla. 4th DCA 1986), we did not require an objection in the trial court to reverse based on the Leon Shaffer rule. We treated the issue as one of a failure of proof.