884 So.2d 422 (2004)
Alexander SCHULTZ, Appellant,
v.
Waldemar K. SCHICKEDANZ, et al., Appellees.
No. 4D03-3286.
District Court of Appeal of Florida, Fourth District.
September 29, 2004.
Rehearing Denied November 5, 2004.
*423 Alexander Schultz, Palm Beach Gardens, pro se.
Rod Tennyson of Rod Tennyson, P.A., West Palm Beach, for appellees.
WARNER, J.
This is an appeal of an award of attorney's fees and costs to appellees, Waldemar Schickedanz, Schickedanz Brothers Palm Beach, Ltd., and Schickedanz Enterprises, Inc., after they prevailed in the underlying action brought against them by Alexander Schultz. Appellant Schultz raises eleven issues on appeal, only one of which merits a reversal. We reverse the award of costs for copying documents because the defendants were attempting to tax costs for documents made for themselves, not the copies entered into evidence. We affirm the remaining issues, holding that the trial court did not lose jurisdiction to enter an attorney's fee award even though the trial court record had already been sent to the appellate court. We also conclude that Schultz by not properly objecting to the failure of the attorney performing the services to testify at the hearing, failed to preserve this issue for appeal.
The trial court allowed as taxable costs $97.82 for the costs of photocopies of documents. While costs of photocopies may be permitted for documents actually filed in the court file, this charge was largely for copies of documents that Schultz had furnished to appellees. In other words, the copies were made for the attorney's own file, not those filed in court. Taxable costs do not include copies made for the attorney's file. See Statewide Uniform Guidelines for Taxation of Costs in Civil Actions § 7 (stating the cost of copies of documents actually filed in court or filed and received in evidence during trial should be taxed). We therefore reverse the award of $97.82 in taxable costs.
*424 Half of the remaining issues are actually addressed to issues raised on Schultz's appeal of the final judgment, which we affirmed. See Schultz v. Schickedanz, 858 So.2d 1064 (Fla. 4th DCA 2003). These issues are governed by the doctrine of the law of the case, which requires that questions of law decided on appeal govern the case in subsequent proceedings. Fla. Dep't of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001). Even a per curiam affirmance establishes the law of the case. State v. Stabile, 443 So.2d 398, 400 (Fla. 4th DCA 1984). Therefore, we affirm as to those issues.
As to the attorney's fee motion itself, Schultz argues that the court lacked jurisdiction to consider an award because the record on appeal had already been transferred to the appellate court. He concedes that the trial court reserved jurisdiction on the issue. In support, he cites to Florida Rule of Appellate Procedure 9.600(a) which states, "Before the record is transmitted, the lower tribunal shall have concurrent jurisdiction with the [appellate] court to render orders on any other procedural matter relating to the cause, subject to the control of the court." This section relates to the control of matters affecting the processing of the case in the trial court and on appeal, such as the granting of extensions of time for the preparation of the record and transcript on appeal.
Section (b) of Rule 9.600 provides, "If the jurisdiction of the lower tribunal has been divested by an appeal from a final order, the court by order may permit the lower tribunal to proceed with specifically stated matters during the pendency of the appeal." This section permits a trial court to proceed with awarding trial attorney's fees pending appeal. "[A] trial court is divested of jurisdiction upon notice of appeal except with regard to those matters which do not interfere with the power and authority of the appellate court or with the rights of a party to the appeal which are under consideration by the appellate court." Palma Sola Harbour Condo., Inc. v. Huber, 374 So.2d 1135, 1138 (Fla. 2d DCA 1979) (emphasis added). The award of attorney's fees after trial does not interfere with the authority of the appellate court with regard to the matters under consideration in the main appeal; therefore, the trial court retains jurisdiction to make the award. Katz v. N.M.E. Hosp., Inc., 842 So.2d 853, 854-55 (Fla. 4th DCA 2002); Bernstein v. Berrin, 516 So.2d 1042, 1042-43 (Fla. 2d DCA 1987).
Heirs of Waldon's Estate v. Rotella, 427 So.2d 261 (Fla. 5th DCA 1983), is distinguishable. In that case, the court found review of the record was necessary in the award of attorney's fees to a personal representative because the trial court was required to determine which efforts were for the benefit of the estate where the attorney seeking fees wore several "hats" in dealing with the estate, including being a trustee in bankruptcy, attorney for the trustee, and attorney for the personal representative. Whether the attorney was entitled to be paid from estate funds for services rendered could be determined only by reviewing the pleadings and filings. 427 So.2d at 264. Moreover, the court did not determine as a matter of law that an attorney's fee award could not be made when the record on appeal was already lodged in the appellate court.
We hold that the trial court did not lose jurisdiction, nor did it err in entering the award of attorney's fees without the record under the facts of this case. While having the record before it may be necessary in cases such as Rotella, the trial court's award of attorney's fees without the record does not amount to reversible error in this case where the motion was heard by the *425 same judge who tried the case and was familiar with the proceedings.
Finally, we address Schultz's claim that the failure of the attorney who performed the services to testify is fatal to an award of attorney's fees. Although Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981), held that a trial court's award of attorney's fees requires the testimony of the attorney performing the services, the opposing party in that case made an objection at trial regarding the failure of the attorney to testify as to the services performed. See also Atl. Coast Dev. Corp. v. Hofco, Inc., 405 So.2d 797, 797 (Fla. 4th DCA 1981). Our holding was made specifically "in view of appellant's objection" to the lack of testimony. Cohen, 400 So.2d at 465.
Here, Schultz did not object at the fee hearing. The court sought to streamline the proceedings by allowing the proffer of all witnesses' testimony, followed by the court asking each witness if he or she concurred with the proffer. Then, live cross-examination would be allowed. Schultz did not object to this procedure. In accordance with it, the attorney who performed the services entered his time records and proffered his testimony that the records were accurate and reflected the time he spent on the file. Again, Schultz did not object to the proffer or that the attorney had not been sworn. Moreover, he did not cross-examine the attorney regarding his records.
"It is settled that the purpose of the contemporaneous objection rule is to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal." Starks v. State, 627 So.2d 1194, 1199 (Fla. 3d DCA 1993) (citing Castor v. State, 365 So.2d 701 (Fla. 1978)). An objection must be specific enough to inform the trial court of the alleged error. Luda v. State, 860 So.2d 457, 458 n. 1 (Fla. 4th DCA 2003). There was no objection in this case, let alone anything to apprise the court of the specific error claimed on appeal. We therefore find that the issue has not been preserved.
We affirm as to all other issues not specifically addressed.
Affirmed.
KLEIN and GROSS, JJ., concur.