917 So.2d 1005 (2006)
Ronald FAIRCLOTH, Appellant,
v.
Dawn BLISS, Appellee.
No. 4D04-2761.
District Court of Appeal of Florida, Fourth District.
January 4, 2006.
Hal Vogel, Aventura, for appellant.
Alan R. Burton, Fort Lauderdale, for appellee.
CROW, DAVID F., Associate Judge.
Appellant, Ronald Faircloth, appeals the Final Order on custody, visitation, surname determination, attorney's fees and other relief in his paternity case against the Appellee, Dawn Bliss. We reverse the trial courts award of attorneys fees for the *1006 reasons set forth below, and affirm the remainder of the Final Order without further discussion.
A final hearing on the Appellant's request for custody, visitation, parental responsibility and other relief was held November 20, 2003. During the hearing, the Appellee's attorney requested attorney's fees. However, the attorney did not present any sworn testimony regarding the reasonableness of his fees. He also did not submit any time records, summaries or invoices. In fact, he was not even sure how many hours he had actually expended in the case and casually stated that because he was new to the case he had "probably" spent "20 to 25" hours. As to the Appellee's need, the only evidence was from the Appellee who, while testifying, was asked whether she had money to pay for the fees and she answered, "yeah, I get the money." When asked whether she had to borrow the money to pay fees, she stated, "at some point." Nevertheless, her financial affidavit did not list any loans for attorneys fees nor were there any invoices indicating she paid any fees.
In its Final Order, in regard to attorneys fees, the Court found as follows:
[T]he father is in a better financial position than the mother and the father has the present ability to pay attorneys fees on behalf of the mother. The mother's present attorney, Richard L. Freedman, Esq., has expended 25 hours which the court finds to be reasonable at $250 hourly rate which the court finds to be reasonable. The father shall contribute $5,000 towards mother's present attorneys fees which shall be paid within 60 days of this date.
Generally, a fee award must be supported by competent evidence which must include evidence detailing the services performed and the reasonableness of the fee. See Saussy v. Saussy, 560 So.2d 1385, 1386 (Fla. 2d DCA 1990). As stated in Nants v. Griffin, 783 So.2d 363, 366 (Fla. 5th DCA 2001):
The applicant should present records detailing the amount of work performed and the time to perform each task. See [Florida Patient's Compensation Fund v.] Rowe, 472 So.2d [1145,] 1150 [Fla. 1985]. "Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." Id.

See also Cohen v. Cohen, 400 So.2d 463, 465 (Fla. 4th DCA 1981) ("We have previously held that an award for attorneys fees requires competent substantial evidence."); Benitez v. Benitez, 337 So.2d 408 (Fla. 4th DCA 1976).
In this case, the Appellee's attorney gave the trial court an unsworn, undocumented and uncorroborated guess that he "probably" spent twenty to twenty-five hours on the case. However, he was not sure of those hours because he was new to the case and the litigation had not yet ended. Not only did the appellee's attorney fail to present sworn testimony, he also did not present time records or invoices, or offer a detailed description of the work done, the date of the work or the time expended. Further, he did not present any sworn testimony as to whether the fee for the hours billed was appropriate and reasonable for this type of case.[1]
Unsworn statements by attorneys are usually not considered as evidence by *1007 trial courts unless stipulated to by both parties. See Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982). As this Court explained in Leon:
[An attorney's] unsworn statements do not establish facts in the absence of stipulation. Trial judges cannot rely upon these unsworn statements as the basis for making factual determinations; and this court cannot so consider them on review of the record. If the advocate wishes to establish a fact, he must provide sworn testimony through witnesses other than himself or a stipulation to which his opponent agrees.
Id. at 1017; see also Daniel v. Moats, 718 So.2d 949 (Fla. 5th DCA 1998) (holding that evidence did not support award of attorney fees to mother in proceedings to modify fathers child support obligation; no one testified concerning attorney fees except mother, mother merely stated what she paid, and there was no evidence as to reasonableness of hours or fees); Clark v. Squire, Sanders & Dempsey, 495 So.2d 264 (Fla. 3d DCA 1986) (holding that it was error for the trial court to affix an attorneys fee without testimony from the attorney in support of his fee other than a time sheet and without any other testimony to indicate the reasonableness of the time expended or the amount of the fee to be awarded); Markham v. Markham, 485 So.2d 1299 (Fla. 5th DCA 1986) (award of attorneys fees reversed even in the absence of a timely objection where the court relied upon unsworn statements).
Therefore, in the absence of a stipulation, an award such as this, in general, cannot be sustained. Recently, however, this Court upheld an award of attorney's fees in the absence of sworn testimony in Schultz v. Schickedanz, 884 So.2d 422 (Fla. 4th DCA 2004). In contrast to the instant case, however, in Schultz the trial court had established a streamlined procedure which allowed "the proffer of all witnesses' testimony, followed by the court asking each witness if he or she concurred with the proffer." Id. at 425 [emphasis supplied]. Thereafter, cross-examination was allowed. Id. In accordance with these established procedures the attorney who performed the services entered his time records into evidence and proffered his testimony that the records were accurate and reflected the time he spent on the file. Id. In holding the appellant had failed to preserve any error, this Court noted that the appellant not only did not object to the trial courts streamlined procedure, but also did not object to the proffer or the records, or attempt to cross examine the attorney as to his records. Id.
Unlike Schultz, in the instant case the trial court had not established any streamlined procedures. Here, the attorney merely made an unsworn "guess" as to the time he had spent, did not present any time records or invoices and presented no detailed description of the work done, the date of the work or the time expended. Therefore, Schultz is factually distinguishable from the instant case.
Factually similar to the case at bar, however, is our decision in Brown v. School Board of Palm Beach County, 855 So.2d 1267 (Fla. 4th DCA 2003). In Brown, like the present case, the trial court relied upon the unsworn statements of the attorneys in awarding attorneys fees. In reversing, this Court again reiterated that judges cannot rely upon unsworn statements as a basis for making factual determinations and appellate courts cannot consider such statements on appeal. Id. at 1269-70.
"Generally, when an attorney's fee or cost award is appealed and the record on appeal is devoid of competent substantial evidence to support the order, the *1008 appellate court will reverse the award without remand." Rodriguez v. Campbell, 720 So.2d 266, 268 (Fla. 4th DCA 1998); Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981); Warner v. Warner, 692 So.2d 266, 268 (Fla. 5th DCA 1997); Brake v. Murphy, 736 So.2d 745 (Fla. 3d DCA 1999). However, when there is some competent evidence in the record supporting the award, the appellate court will reverse and remand for additional findings or additional hearings. Young v. Taubman, 855 So.2d 184, 186-87 (Fla. 4th DCA 2003). Here, the record is devoid of any competent evidence regarding the number of hours reasonably expended, the reasonable hourly rate or details of the services performed. We, therefore, reverse the fee award without remand.
Affirmed in part and Reversed in part.
STEVENSON, C.J., and POLEN, J., concur.
NOTES
[1] See Safford v. Safford, 656 So.2d 485, 486 (Fla. 2d DCA 1994) (noting that the amendment to Florida Statutes section 61.16 effective 1993 obviating the need for corroborating expert testimony did not alter the burden of the party seeking fees to prove with evidence the reasonableness and necessity of fees).