DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RM & ASSOCIATES CONSULTING, INC.,**
a/a/o **QUAME MCKINNON,**
Appellant,

v.

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellee.

No. 4D2024-2331

[June 17, 2026]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephanie Farris Tew, Judge; L.T. Case No. 502018CC011430XXXXMB.

Simone Fareeda Nelson of Font & Nelson, PLLC, Dania, for appellant.

Mark David Tinker and Brandon James Tyler of Cole, Scott & Kissane, P.A., Tampa, for appellee.

KLINGENSMITH, J.

RM & Associates Consulting, Inc. appeals a final judgment awarding attorney's fees, costs, expert witness fees, and sanctions in favor of People's Trust Insurance Company following the resolution of RM's assignment-of-benefits action as well as an order denying its motion for rehearing or to vacate said final judgment. Although RM raises multiple challenges to the fees judgment, only one warrants reversal: the evidentiary basis supporting the award of appellate attorney's fees. We conclude the record does not contain competent substantial evidence sufficient to support the amount awarded for appellate services. We therefore reverse that portion of the judgment and remand for redetermination of appellate fees. We affirm in all other respects.

People's Trust insured residential property that sustained water damage. The property owner hired RM to perform remediation services and assigned RM the post-loss benefits under the insurance policy. RM later sued People's Trust, alleging the insurer failed to pay the full amount owed for RM's work.

People's Trust defended the action on the ground that the policy required the insured to notify the insurer before authorizing repairs so People's Trust could elect to use its preferred contractor. Because the owner did not comply with that provision, People's Trust asserted its liability was limited to the amount that its preferred contractor would have charged for the work, which People's Trust contended was $2,000. People's Trust paid that amount to RM before RM filed suit.

The county court ultimately entered summary judgment for People's Trust, and we affirmed on appeal. *RM & Assocs. Consulting, Inc. v. People's Tr. Ins. Co.*, 331 So. 3d 714 (Fla. 4th DCA 2022). We also conditionally granted People's Trust's motion for appellate attorney's fees under section 768.79, Florida Statutes (2021), subject to the trial court's determination of entitlement and amount.

On remand, the county court conducted extensive proceedings regarding attorney's fees and costs. People's Trust presented testimony from its fees expert, as well as testimony from supervising trial and appellate counsel. The evidence established that counsel operated under a hybrid billing structure involving flat-fee and hourly components depending on the stage and nature of the litigation.

As relevant here, People's Trust sought $24,866.17 in appellate attorney's fees for work performed by its attorneys in connection with the prior appeal. The request principally related to preparation of the answer brief. People's Trust's expert testified that the hours claimed were reasonable after reductions which she had independently applied to certain entries. A partner of the law firm hired by People's Trust—who was the attorney responsible for oversight of People's Trust's appellate cases—testified that he had supervised the prior appeal and reviewed the work performed by another partner who had principally drafted the answer brief. He acknowledged that another pending appeal involved a very similar issue, although he maintained the brief in this case was prepared "from scratch" because the arguments implicated different policy provisions and procedural postures. The county court found the requested appellate fees reasonable and awarded the full amount sought.

We review a trial court's determination of attorney's fees for abuse of discretion. *See Brewer v. Solovsky*, 945 So. 2d 610, 611 (Fla. 4th DCA 2006); *Centex-Rooney Constr. Co., Inc. v. Martin Cnty.*, 725 So. 2d 1255, 1258 (Fla. 4th DCA 1999). That discretion, however, must be exercised on the basis of competent substantial evidence. *Brewer*, 945 So. 2d at 611 (citing *Cohen v. Cohen*, 400 So. 2d 463 (Fla. 4th DCA 1981)). A fees award

2

cannot rest on conclusory testimony, or generalized impressions untethered to reliable proof regarding the necessity and reasonableness of the hours claimed. *See Cohen*, 400 So. 2d at 465; *Rodriguez v. Campbell*, 720 So. 2d 266, 268 (Fla. 4th DCA 1998).

The governing principles are well established. Under Florida's lodestar approach, the trial court must determine both the reasonable number of hours expended and a reasonable hourly rate. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). The party seeking fees bears the burden of establishing the reasonableness of the hours claimed through detailed evidence sufficient to permit meaningful review. *See Faircloth v. Bliss*, 917 So. 2d 1005, 1006 (Fla. 4th DCA 2006); *Giovanini v. Giovanini*, 89 So. 3d 280, 282 (Fla. 1st DCA 2012). Fees testimony must do more than broadly characterize litigation as "complex" or "hard fought." The evidence must demonstrate that the specific hours claimed were reasonably necessary to the representation. *See Rowe*, 472 So. 2d at 1150; *Miller v. First Am. Bank & Tr.*, 607 So. 2d 483, 485 (Fla. 4th DCA 1992). The evidence supporting the appellate fees award here fell short of that standard.

To begin, the record reflects that the overwhelming majority of the request for appellate attorney's fees related to preparation of a single answer brief. The fees expert testified that more than ninety hours devoted to that work was reasonable given the complexity and significance of the underlying issue. But the testimony supporting that conclusion was largely generalized and conclusory. The expert repeatedly relied on the quality of the finished work product, the importance of the legal issue to People's Trust, and post hoc discussions with counsel concerning the litigation strategy. Those considerations may bear on the overall significance of the litigation, but do not independently establish that the hours claimed were reasonably and necessarily expended. *See Miller*, 607 So. 2d at 485; *Cohen*, 400 So. 2d at 465.

Nor did the underlying billing records sufficiently cure the deficiency. Several entries were broadly described as work on the "answer brief" without adequate detail regarding the specific tasks performed. Although trial courts are not required to demand "minute-by-minute" billing records, the evidence must still permit a reliable determination of whether the time claimed was reasonably necessary. *See Rowe*, 472 So. 2d at 1150–51. Here, the lack of specificity became particularly significant because the amount of time claimed substantially exceeded what the record itself reliably substantiated.

3

The testimony regarding overlap with similar litigation further undermined the evidentiary basis for the award. The firm's partner acknowledged that another pending appeal involved a very similar legal issue and that the law firm had already researched and briefed related arguments in that matter. Although he maintained the answer brief in this case was prepared independently, the existence of overlapping legal work was directly relevant to whether the hours claimed reflected duplication or inefficiency. Yet neither the billing records nor the expert testimony meaningfully quantified or accounted for the extent to which prior research and briefing informed the work performed here.

That omission matters because a court's attorney's fees award must exclude excessive, redundant, or otherwise unnecessary hours. *Rowe*, 472 So. 2d at 1150. The record contains insufficient evidence demonstrating that the court adequately distinguished between genuinely case-specific appellate work and legal analysis substantially derived from parallel litigation involving materially similar issues.

We emphasize the narrowness of our holding. We do not suggest that the appellate work performed lacked value or that substantial appellate fees were unwarranted. Nor do we hold that a flat-fee or hybrid billing arrangement precludes recovery under section 768.79. Florida law permits recovery of reasonable fees, regardless of the fees agreement's structure, so long as the evidence permits a reliable lodestar determination. *See USAA Cas. Ins. Co. v. Health Diagnostics of Fort Lauderdale, LLC*, 388 So. 3d 1064, 1070 (Fla. 3d DCA 2024) ("[R]egardless of the fee arrangement, the trial court was bound to award reasonable appellate attorney's fees."); *Raza v. Deutsche Bank Nat'l Tr. Co.*, 100 So. 3d 121, 125 (Fla. 2d DCA 2012) (explaining that a flat-fee may serve as a valid alternative billing mode, but the form of a fee agreement does not absolve a party requesting attorney's fees of their burden to demonstrate a reasonable fee as required by *Rowe*). Likewise, People's Trust was not required to present testimony from every attorney who billed time on the appeal. *See Saussy v. Saussy*, 560 So. 2d 1385, 1386 (Fla. 2d DCA 1990); *Toledo v. Wisk*, 754 So. 2d 83 (Fla. 4th DCA 2000).

The problem is more limited and more fundamental. The record, as developed, does not provide competent substantial evidence supporting the full amount awarded for appellate services. The trial court therefore erred in awarding appellate attorney's fees in the amount determined.

We affirm the judgment in all respects except the award of appellate attorney's fees. That portion of the judgment is reversed, and the cause is

remanded for reconsideration and redetermination of a reasonable appellate fees award supported by competent substantial evidence.

*Affirmed in part, reversed in part, and remanded.*

GROSS and MAY, JJ., concur.

\*          \*          \*

**Not final until disposition of timely-filed motion for rehearing.**