PER CURIAM.
We reverse the trial court’s order which, for the purpose of permitting the Marreros to intervene in the reopened foreclosure action, vacated both a final judgment of foreclosure and a clerk’s sale to Harrod made pursuant thereto. The Marreros’ asserted interest in the foreclosed property derives from a deed ostensibly executed in September 1981, but not recorded until De *109 cember 22, 1981, eight days after the lis pendens accompanying the foreclosure action was filed and recorded. The concern that to allow purchasers pendente lite to intervene would unnecessarily protract litigation, Peninsular Naval Stores Company v. Cox, 57 Fla. 505, 49 So. 191 (1909), which gave rise to the rule precluding intervention in a mortgage foreclosure action by a person who acquires an interest in the subject property after the recording of a lis pendens, see Andresix Corporation v. Peoples Downtown National Bank, 419 So.2d 1107 (Fla. 3d DCA 1982), and cases cited therein, is equally applicable where the prospective intervenor’s interest, although acquired beforehand, is not recorded until after the recording of the lis pendens. In our view, the rule must be the same in either case.
Reversed with directions to reinstate the final judgment of foreclosure and the clerk’s sale to Harrod.