STONE, Judge.
We affirm an order denying a motion to vacate a final default judgment foreclosing *759 a charging lien. We do not address whether the appellee was entitled to the charging lien initially because appellant’s attack comes too late.
The appellee, a firm of attorneys, represented the appellant in an action in which it filed a notice of charging lien. In July 1987, the court, without objection, reserved jurisdiction to adjudicate charging liens. In September the appellee moved to determine the charging lien. No evidence of a lack of notice exists with respect to this motion and the subsequent evidentiary hearing held in December. Evidence showed the appellant conferred with separate counsel and, prior to the hearing ap-pellee turned its entire file, including the charging lien entries, over to the appellant’s other lawyer.
The trial court entered a final order establishing the charging lien with respect to the amount due and the property upon which it attached. The order recites that the court furnished a copy to appellant. Neither party appealed this order. Nor did they bring any action for relief under Florida Rules of Civil Procedure 1.530 or 1.540.
Four months later the appellee filed a supplemental complaint to foreclose the previously established lien. That complaint reflects the appellee as a party plaintiff and the appellant as a party defendant. The supplemental complaint states a cause of action on its face. The appellee moved for a default. The trial court held an evi-dentiary hearing. In June 1988, the trial court entered an order granting a default and finding, upon disputed evidence, that the appellee properly served the appellant with the supplemental complaint. In August the appellant sought, and obtained, from appellee a partial release of lien in exchange for a partial payment. Other communications occurred between the parties concerning the foreclosure.
In December 1988, the trial court entered a final judgment of foreclosure fixing a sale date in February. Neither party appealed this final judgment. The appellant’s first action objecting to any of the foregoing proceedings were motions to stay and to vacate the default final judgment of foreclosure, which she filed immediately before the foreclosure sale. The trial court conducted a hearing and denied relief based upon findings of lack of a showing of due diligence or excusable neglect and stated that the court evaluated the credibility of the witnesses in reaching its findings. Notwithstanding appellant’s challenges to service and notice, we cannot say from this record that she was not afforded due process or that the judgment is void. Therefore, the order of the trial court is affirmed.
WALDEN, J., concurs.
GARRETT, J., dissents with opinion.