566 So.2d 364 (1990)
BIT-O-SWEDEN, INC., Appellant,
v.
Conway KITTREDGE, et Ux., Appellees.
No. 89-1370.
District Court of Appeal of Florida, Fifth District.
September 6, 1990.
John I. Merritt of Merritt and Watson, P.A., Eustis, for appellant.
Carla R. Pepperman of Austin, Lawrence & Landis, Leesburg, for appellees.
GRIFFIN, Judge.
This is the appeal of an order setting aside a judicial sale for failure to comply with the technical requirements of section 56.21, Florida Statutes, which states in pertinent part:
On or before the date of the first publication or posting of the notice of sale, a copy of the notice of sale shall be furnished by certified mail to the attorney of record of the judgment debtor, or to the judgment debtor at the judgment debtor's last known address if the judgment debtor does not have an attorney of record.
The underlying judgment was rendered on September 12, 1985. On March 31, 1989, the appellant mailed written instructions to *365 the sheriff to levy on real property owned by appellees. To comply with the statutory notice requirements quoted above the instructions identified the attorney of record in the underlying litigation in which the final judgment was rendered and correctly stated his last record address. In the intervening three and one-half years, however, the attorney had relocated his office. The notice sent by certified mail was returned undelivered on April 8, 1989. The notice of sale was first published on April 9, 1989. On April 10, 1989, a copy of the notice of sale was sent by certified mail to appellees and was received on April 11. On that date, a suspended member of the Florida Bar employed by appellees contacted the attorney for appellant about negotiating a satisfaction of the judgment. Appellees' overture to pay a reduced amount to satisfy the final judgment was rebuffed by appellant and the appellees agreed to pay the full amount of the judgment plus interest. Counsel for appellant was advised that the payoff check would be delivered prior to the foreclosure sale. The money was not received and appellees were not represented at the sale. Appellants purchased the property for the amount of the judgment, $27,681.94. The assessed value of the property was $223,040.00. It appears from the record that appellees' representative erroneously believed that the property could be redeemed after the sale.
Appellees moved to set aside the judicial sale alleging that notice to the attorney of record at the wrong address and tardy notice to the owner made the notice of sale defective. Appellant contends that its compliance with the above-quoted statute was not defective, but even if it were deemed defective, the defect was not material. Finally, appellants argue that in order to set aside the sale, the appellees were bound to establish that they were prejudiced by the defect.
Although we reject appellees' argument that counsel for the judgment creditor had an automatic obligation to research the address of counsel for the judgment debtor in order to assure the correct address is used for the notice, we agree that, under the circumstances, the notice was defective. Appellant had the statutory obligation to "furnish" notice and could not comply with requirements of the statute by merely assuming, some three and one-half years after entry of the final judgment, that neither the attorney nor the attorney's location had changed.
We sympathize with appellant's position. At worst, notice complying with the statute was only one day late. Appellees' complaint about appellant's failure to notify counsel of record rings hollow since that attorney was never involved in the matter by his clients after the clients themselves got notice. Finally, the record indicates that appellees' failure to appear at the sale was based on a mistaken belief that they did not have to satisfy the debt before the sale took place. This is an area where the trial judge has discretion, however. Van Delinder v. Albion Realty & Mortgage, Inc., 287 So.2d 352 (Fla. 3d DCA 1973). Because, in this case, the statutory notice of sale was defective and it is impossible to conclude that proper notice would not have affected the outcome,[1] and because the judgment creditor would have reaped a windfall by obtaining property valued far in excess of the debt for a fraction of its true value, we cannot say that the decision of the trial court to set aside the sale was an abuse of discretion.
AFFIRMED.
W. SHARP, J., concurs.
DAUKSCH, J., dissents without opinion.
NOTES
[1] Appellees filed an affidavit of the "counsel of record" who swore he would have attended the sale had he gotten notice.