597 So.2d 373 (1992)
Elizabeth WHITE, Appellant,
v.
Lawrence J. LOSCHIAVO Jr., and Charles Hibbs, Appellees.
No. 91-1382.
District Court of Appeal of Florida, Fourth District.
April 15, 1992.
Harry G. Carratt of Morgan, Carratt and O'Connor, P.A., Fort Lauderdale, for appellant.
Richard L. Rosenbaum of Law Offices of Richard L. Rosenbaum, and William C. Purcell, Fort Lauderdale, for appellee-Lawrence J. Loschiavo, Jr.
PER CURIAM.
This is an appeal from a non-final order striking appellant's pleadings and her objection to a judicial sale in an action for partition. The order appealed also instructed the clerk to issue a certificate of title to appellee Loschiavo. Although filed as a final appeal, we elected to treat it as a non-final under rule 9.130(a)(4), Florida Rules of Appellate Procedure.
In an earlier judicial sale, appellee Loschiavo successfully acquired Dorothea Neidermiller's half interest in the property that is the subject of this appeal. It had been sold to satisfy a lien against Neidermiller and was, itself, the subject of an appeal to this court. Neidermiller v. Amlong & Amlong, P.A., 563 So.2d 758 (Fla. 4th DCA 1990). Neidermiller is appellant's daughter. Following that sale, Loschiavo filed a complaint to partition the property. Ultimately, the court ordered a partition sale for October 8, 1990, at 11:00 a.m., and a notice of sale under section 45.031, Florida Statutes, was published. In its order for partition sale, the court provided:
That in the event the successful bidder at the partition sale does not pay the funds required by the Clerk's office for said bid, the property shall be immediately resold at 2:00 p.m. on the day scheduled for said sale. And if the successful bidder at the second sale does not pay said money as required by the Clerk's office, the Clerk is directed to accept the second highest bid.
At the 11:00 a.m. sale, White was the high bidder at $135,000, but she failed to tender the amount bid. As the order provided, a second sale followed at 2:00 p.m. on the same day. White was again the high bidder, this time at $266,600, but once more she failed to tender the amount of her *374 bid. The second highest bidder was also unable to tender the bid amount.
At that point, Loschiavo apparently filed a motion ex parte to vacate both bids as false and fraudulent. Without conducting a hearing or giving notice to the affected parties, the court granted the motion and ordered the clerk to hold a third sale on that same day. At this third sale, Loschiavo's $15,000 bid was successful  indeed, it was the only bid  and a certificate of sale was then entered. White timely objected to the sale, arguing that she had been deprived of notice of the sale that resulted in the sale to Loschiavo.
White contends that the third sale was little more than a private sale conducted without notice solely for the benefit of Loschiavo. We agree. A party seeking relief from a judicial sale must show something more than mere inadequacy of price, e.g. surprise, accident, mistake or irregularity in the conduct of the sale. Bit-O-Sweeden, Inc. v. Kittredge, 566 So.2d 364 (Fla. 5th DCA 1990); McAlice v. Andersen, 403 So.2d 563 (Fla. 3d DCA 1981).
The circumstances surrounding the third sale were highly irregular. The record supports White's contention that the order granting the third sale and declaring the previous bids false and fraudulent was the result of ex parte contact between the court and Loschiavo. Hence, the third sale was conducted without notice to her. It may be true that her bidding pattern that day was calculated to do little more than delay the partition and sale. Even so, the trial court's decision to order a third sale immediately and without notice to her exceeds the bounds of its discretion. Ohio Realty Investment Corp. v. Southern Bank of West Palm Beach, 300 So.2d 679 (Fla. 1974).
We therefore reverse the order approving the sale and overruling White's objections to the sale. We remand with instructions to vacate the sale, cancel the certificate of title to Loschiavo, and resubmit the property to judicial sale upon proper notice.
REVERSED AND REMANDED WITH DIRECTIONS.
STONE, WARNER and FARMER, JJ., concur.