685 So.2d 19 (1996)
PERSONAL REPRESENTATIVE OF the ESTATE OF Frederick JACOBSON, Appellant,
v.
ATTORNEYS' TITLE INSURANCE FUND, INC., Appellee.
No. 95-570.
District Court of Appeal of Florida, Third District.
November 20, 1996.
As Corrected on Denial of Rehearing January 15, 1997.
Allan Jay Atlas, Fort Myers, for appellant.
Keith, Mack, Lewis, Cohen & Lumpkin, and R. Hugh Lumpkin and Cynthia Perez, Miami, for appellee.
*20 Before BARKDULL, GREEN and FLETCHER, JJ.
PER CURIAM.
The personal representative of the estate of Frederick Jacobson[1] appeals from a final summary judgment finding Jacobson liable for an administrative lien placed against his real property in 1989 by the Monroe County Code Enforcement Board. The property was sold three times after the lien was recorded but only the final purchaser, Maggie Kaspersetz, discovered the encumbrance, albeit after she purchased the property and received title insurance from appellee, Attorneys' Title Insurance Fund ("ATIF"). ATIF paid the lien and sued, as subrogee, Jacobson. The case was first filed in Dade County and thereafter transferred to Monroe County. The trial court entered final summary judgment in the amount of $22,500, plus $4,394 as prejudgment interest in favor of ATIF. Attorney's fees and costs in the amount of $4,209 were additionally awarded to ATIF at a subsequent hearing.
We reverse the final summary judgment and award of attorney's fees and hold that the administrative lien was never valid because the Monroe County Code Enforcement Board was not in compliance with statutory requirements.
Where a statutory lien is given on compliance with stated requirements, absent language stating otherwise, a lien is not acquired unless the applicable notice requirements are strictly complied with. Stresscon v. Madiedo, 581 So.2d 158, 159-60 (Fla.1991). Section 162.12(1), Florida Statutes (1989), which authorizes the lien in this case, requires that the alleged violator be sent notice by certified mail, by hand delivery, or by leaving the notice at the violator's place of residence. The record in this case shows that the required notice was sent only by regular mail. In addition, section 162.09(3), Florida Statutes (1989) states that, if the lien is to be recorded in the public records, a certified copy of the order imposing the fine must be recorded. The records show that the order recorded by the county was not a certified copy.
In view of the county's facially apparent failure to notice or record the lien in compliance with the statute, we hold that it did not even substantially comply with the statutory requirements for obtaining a lien. See, e.g., Mirror and Shower Door Prods., Inc. v. Seabridge, Inc., 621 So.2d 486, 487 (Fla. 4th DCA 1993) ("[O]nly immaterial errors and omissions in the form of the notice have been excused by the courts."). Consequently, there was never a valid lien in the first instance. Therefore, the title company was a mere volunteer in satisfying the purported lien.
Accordingly, we reverse the summary judgment entered in favor of ATIF and remand with instructions that judgment be entered in favor of appellant.
Reversed with directions.
NOTES
[1] Jacobson died during the pendency of this appeal and the personal representative of his estate was duly substituted as the appellant.