711 So.2d 1188 (1998)
CITY OF TAMPA, Appellant,
v.
W.A. BROWN, as Trustee of The One Hundred Eleven On Hundred Thirteenth Street Trust, Appellee.
No. 97-01376.
District Court of Appeal of Florida, Second District.
April 24, 1998.
Rehearing Denied June 16, 1998.
James D. Palmermo, City Attorney, and Jorge I. Martin, Assistant City Attorney, Tampa, for Appellant.
Jeff D. Jackson of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, for Appellee.
PATTERSON, Judge.
The City of Tampa (the City) appeals from a final judgment, which declares nine of its code enforcement liens on a parcel of real property to be void ab initio because the City failed to send its orders to the property owner by certified mail. We reverse.
The sole issue in this case is whether a code enforcement board order entered pursuant to sections 162.07 and 162.09, Florida Statutes (1995), must be provided to the property owner by certified mail. The City concedes that the orders at issue were sent by regular mail. In reaching its conclusion that certified mail delivery was required, the trial court determined that code enforcement board orders contained "notices" which require compliance with section 162.12, Florida Statutes (1995). The question, however, is not what the order may contain, but rather what is a "required notice." If a notice is "required," section 162.12 governs its delivery:
162.12 Notices.
(1) All notices required by this part shall be provided to the alleged violator by certified mail, return receipt requested; by hand delivery by the sheriff or other law enforcement officer, code inspector, or other person designated by the local governing body; or by leaving the notice at the violator's usual place of residence with any person residing therein who is above 15 years of age and informing such person of the contents of the notice.
When a code violation is discovered, the violator must receive a notice of a hearing under section 162.12. See § 162.06, Fla. Stat. (1995). If the court finds a code violation at the hearing, it enters an order pursuant to section 162.07. This order may include a deadline for compliance and notice that a fine may be imposed for failure to comply. See § 162.09, Fla. Stat. (1995). The statute does not require that a copy of this order be provided to the violator.
If the violator fails to comply with the section 162.07 order, a second order may be entered under section 162.09 imposing a continuing fine. This order, upon recording in the public records, becomes a lien on the property. See § 162.09(3), Fla. Stat. (1995). It is this type of order which is the subject of this case.
Section 162.09, however, does not provide for a hearing and does not require that the order entered be provided to the violator. In fact, in regard to each of the liens imposed in *1189 this case, the trial court conducted a hearing, after notice, and a copy of the order was provided to the violator, albeit by regular mail. Because there is no statutory requirement that a copy of the order be provided to the violator, it cannot be a "required notice" under section 162.12.
It is necessary to fill the procedural gaps in this statute by the common-sense application of basic principles of due process. The violator received notice, had the opportunity to be heard, and was provided a copy of the final order from which an appeal could be taken. Nothing more is required. The statute does not require the service of the final order in a certain manner and, more particularly, by certified mail. Therefore, we reverse.
We acknowledge apparent conflict with Personal Rep. of Estate of Jacobson v. Attorneys' Title Ins. Fund, 685 So.2d 19 (Fla. 3d DCA 1996).
Reversed.
PARKER, C.J., and FULMER, J., concur.