993 So.2d 1057 (2008)
Charles A. McCREA, Jr., and Tina M. McCrea, Appellants,
v.
DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley IXIS Real Estate Capital Trust 2006-1, Appellee.
No. 2D07-4292.
District Court of Appeal of Florida, Second District.
March 26, 2008.
Rehearing Denied April 28, 2008.
John P. Fleck, Jr., Bradenton, for Appellants.
Forrest G. McSurdy of Stern & McSurdy, P.A., Plantation, for Appellee.
STRINGER, Judge.
Charles and Tina McCrea seek review of the trial court's order vacating the order that dismissed Deutsche Bank National Trust Company's mortgage foreclosure action with prejudice. The McCreas argue that the trial court lacked jurisdiction to vacate the order because Deutsche Bank failed to serve a motion for rehearing within ten days and the court did not have a proper basis to vacate its order pursuant to Florida Rule of Civil Procedure 1.540(b). We reverse and remand for a hearing on the matter because the trial court rendered the order after ex parte communications with Deutsche Bank and without providing the McCreas an opportunity to be heard.
This case began on April 27, 2007, when Deutsche Bank filed a complaint to foreclose a mortgage and to enforce lost loan documents concerning real property in Manatee County. The McCreas filed a motion to dismiss based on Deutsche *1058 Bank's failure to attach a notice of acceleration to the complaint. After a hearing on June 5, 2007, the court granted the McCreas' motion to dismiss. The court gave Deutsche Bank twenty days in which to file an amended complaint and to attach a copy of the acceleration notice.
Deutsche Bank did not file an amended complaint within twenty days, and the McCreas filed a motion for final dismissal. After a hearing, the trial court granted the McCreas' motion. The court rendered the final order dismissing the case with prejudice on July 25, 2007. Deutsche Bank did not serve a motion for rehearing directed to the final order within ten days as required by Florida Rule of Civil Procedure 1.530(b).
On August 7, 2007, eleven days after rendition of the final order, Deutsche Bank faxed a cover sheet, an unsigned letter, and an order to Judge Paul Logan. The unsigned letter was from Deutsche Bank's attorney to Judge Logan. The letter stated, "As per your instructions today, please find attached an Order Vacating the Order Granting Defendants McCrea's [sic] Motion for Final Dismissal." The letter requested that the court review and sign the order and stated that counsel had faxed a copy of the order to the McCreas' counsel. The order itself merely stated that the earlier order "wrongfully stated [Deutsche Bank's] Action was dismissed with prejudice" and reinstated the action. The court signed the order that day, and it was filed on August 8.
On August 8, the McCreas' attorney responded to the fax of the day before and requested a hearing. However, at that point the order had already been signed. The McCreas filed a timely notice of appeal from the order.
On appeal, the McCreas argue that the trial court lacked jurisdiction to vacate the final order because Deutsche Bank had not filed a timely motion for rehearing. There is no dispute that Deutsche Bank did not file a motion for rehearing from the final order dismissing Deutsche Bank's mortgage foreclosure action with prejudice. Deutsche Bank contends that the trial court's order was authorized by Florida Rule of Civil Procedure 1.540(b).
Rule 1.540(b) allows a trial court to correct a judgment on its own motion under certain enumerated circumstances. Commonwealth Land Title Ins. Co. v. Freeman, 884 So.2d 164, 167 (Fla. 2d DCA 2004). The only circumstance applicable here is "mistake, inadvertence, surprise, or excusable neglect." See Fla. R. Civ. P. 1.540(b)(1). "`Mistakes which result from oversight, neglect or accident are subject to correction under rule 1.540(b)(1). However, judicial error such as a "mistaken view of the law" is not one of the circumstances contemplated by the rule.'" Commonwealth Land Title, 884 So.2d at 167 (quoting Curbelo v. Ullman, 571 So.2d 443, 445 (Fla.1990)).
In this case, the order on review simply states that the earlier order "wrongfully stated [Deutsche Bank's] Action was dismissed with prejudice" and reinstates the action as pending. The court did not conduct a hearing on the matter, and it is impossible to tell the basis for the "wrongful" dismissal with prejudice from the documents in the appendix to the initial brief. Deutsche Bank asserts that the error came from the improper submission of a proposed order by the McCreas, but there is no evidence to support that assertion in the appendix.
It may well be that the earlier order was the product of mistake, as opposed to judicial error, and was properly corrected by the trial court under rule 1.540(b). However, the McCreas were precluded from establishing the misapplication of *1059 rule 1.540(b) by the ex parte procedure that led to entry of the order. For this reason, we reverse and remand with directions for the court to hold a hearing on the matter.
Reversed.
SILBERMAN and KELLY, JJ., Concur.