VILLANTI, Judge.
 

 Shlishey the Best, Inc., the third-party purchaser at a foreclosure sale, appeals the trial court’s order that set aside the foreclosure sale and vacated the certifícate of sale, contending that it was denied procedural due process because the trial court entered the order ex parte and with no opportunity for Shlishey to be heard. Because the record supports this assertion, we reverse and remand for further proceedings.
 

 The facts here are very straightforward. CitiFinancial filed a foreclosure action against property owners Darryl and Wed-sel Lowery. CitiFinancial obtained a final judgment of foreclosure for $168,856.75 on October 30, 2008. That final judgment set the foreclosure sale for December 4, 2008, at 2 p.m.
 

 CitiFinancial subsequently began negotiating with the Lowerys in an effort to allow them to remain in their house. However, as the sale date approached, Ci-tiFinancial did not file a motion seeking to have the foreclosure sale stayed or rescheduled. Instead, on the day of the sale, CitiFinancial apparently sent its representative to the clerk’s office, where that representative told the clerk to remove the property from the sale list. The clerk did not do so, and the property was offered at the judicial sale on December 4 as scheduled. Shlishey bought the property at that judicial sale for $2000.
 

 On December 5, 2008, CitiFinancial sent an unsworn letter to the trial judge asserting that the sale had been held due to a clerk’s mistake and that the winning bid was insufficient. In the letter, CitiFinan-cial said that it was enclosing a proposed order vacating the foreclosure sale and the certificate of sale. This letter was not copied to Shlishey or otherwise provided to it.
 

 On December 9, 2008, CitiFinancial served its “Objection to Foreclosure Sale; Motion to Vacate Foreclosure Sale of December 4, 2008; and Motion to Vacate Certificate of Sale.” This motion was served by mail on Shlishey on December 9. However, the trial court signed CitiFinan-cial’s proposed order granting its motion to vacate the foreclosure sale and certificate of sale on December 10. Thus, Shlishey never had an opportunity to object to the motion, and the trial court’s decision to grant the motion was apparently based solely on the unsworn allegations of CitiFinancial’s counsel. Shlishey now appeals, contending that it was denied due process when the court granted CitiFinan-cial’s motion without an opportunity for Shlishey to be heard.
 

 “Due process mandates that in any judicial proceeding, the litigants must be afforded the basic elements of notice and opportunity to be heard.”
 
 E.I. Du-Pont De Nemours & Co. v. Lambert,
 
 654 So.2d 226, 228 (Fla. 2d DCA 1995) (citing
 
 Cavalier v. Ignas,
 
 290 So.2d 20, 21 (Fla.1974));
 
 see also Mullane v. Cent. Hanover Bank & Trust Co.,
 
 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (“ ‘The fun
 
 *1274
 
 damental requisite of due process of law is the opportunity to be heard.’
 
 Grannis v. Ordean,
 
 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 [1914]. This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.”);
 
 Massey v. Charlotte County,
 
 842 So.2d 142, 146 (Fla. 2d DCA 2003) (“Procedural due process requires both fair notice and a real opportunity to be heard ‘at a meaningful time and in a meaningful manner.’ ” (quoting
 
 Keys Citizens for Responsible Gov’t, Inc. v. Fla. Keys Aqueduct Auth.,
 
 795 So.2d 940, 948 (Fla.2001)));
 
 Prunty v. State ex rel. Williams,
 
 226 So.2d 448, 450 (Fla. 1st DCA 1969) (holding that it is “a denial of due process” to “enter an order on the motion without first giving the parties affected notice and an opportunity to be heard before a party’s rights are taken away”).
 

 This court recently reversed the ex pai’te entry of an order vacating a previous order based in part on a finding that it resulted from a due process violation. In
 
 McCrea v. Deutsche Bank National Trust Co.,
 
 993 So.2d 1057 (Fla. 2d DCA 2008), the trial court had dismissed a foreclosure action brought by Deutsche Bank. Eleven days after the final order of dismissal was entered, Deutsche Bank faxed a cover sheet, unsigned letter, and proposed order to the trial court.
 
 Id.
 
 at 1058. In the letter, Deutsche Bank asserted that the dismissal order had been “wrongfully” entered based on the McCreas’ alleged fraud.
 
 Id.
 
 A copy of the letter was also faxed to the McCreas. The clay after the fax was sent and before the McCreas could respond, the trial court signed the order vacating the dismissal and reinstating the case.
 
 Id.
 

 On appeal, the McCreas argued that the order vacating the dismissal order was improperly entered when the court had no jurisdiction to do so. Deutsche Bank asserted that the order was properly entered pursuant to Florida Rule of Civil Procedure 1.540(b), and it submitted documents in its appendix that purportedly supported the trial court’s ruling. However, this court reversed, stating:
 

 It may well be that the earlier order was the product of mistake, as opposed to judicial error, and was properly corrected by the trial court under rule 1.540(b). However, the McCreas were precluded from establishing the misapplication of rule 1.540(b) by the ex parte procedure that led to entry of the order. For this reason, we reverse and remand with directions for the court to hold a hearing on the matter.
 

 Id.
 
 at 1058-59. While this court did not specifically reference “due process” in its ruling, the reversal due to lack of notice and opportunity to be heard is clearly a determination that entry of the order ex parte violated the McCreas’ due process rights.
 

 In a factual setting more similar to that presented by Shlishey, the Fourth District reversed an ex parte order vacating a judicial sale. In
 
 White v. Loschiavo,
 
 597 So.2d 373 (Fla. 4th DCA 1992), the clerk held a judicial sale in a partition action. White was the winning bidder at the first sale, but she failed to timely pay the bid price.
 
 Id.
 
 at 373. The clerk held a second sale, and White was again the winning bidder, but she again failed to timely pay the bid price.
 
 Id.
 
 at 373-74. At that point, Los-chiavo filed an ex parte motion to vacate the bids and sell the property again.
 
 Id.
 
 at 374. The court granted the motion without a hearing or notice to White, and Loschiavo was the winning bidder at the third sale.
 
 Id.
 
 White then filed a motion challenging the third sale. The Fourth District held that the order granting the
 
 *1275
 
 third sale and declaring the prior bids false and fraudulent was entered in violation of White’s due process rights because it was “the result of ex parte contact between the court and Loschiavo” and because the third sale was conducted without notice to White.
 
 Id.
 
 Thus, the court reversed and remanded with instructions to vacate the third sale and have a new sale.
 
 Id.
 

 Here, as in
 
 McCrea
 
 and
 
 White,
 
 Shlishey had neither notice nor an opportunity to be heard before its rights to the property it purchased at a facially valid judicial sale were taken away by the court’s order vacating that sale. CitiFinancial’s December 5, 2008, letter to the trial court challenging the foreclosure sale was not copied to Shlishey. The actual motion to vacate the sale and certificate of sale was not served on Shlishey until December 9, and the trial court ruled on the motion on December 10 — quite possibly before Shlishey even received the motion served upon it by mail. It is apparent from this sequence of events that Shlishey was denied procedural due process relating to the entry of the order vacating the foreclosure sale.
 

 In this appeal, CitiFinancial argues that Shlishey was not entitled to be heard on the objections because it had no pro-tectable legal rights in the property. We disagree. Shlishey was the winning bidder at a properly noticed and facially proper foreclosure sale. It held a certificate of sale to the property at issue. Pursuant to that certificate of sale, Shlishey had the right to obtain title to the property unless objections to the sale were filed within ten days and sustained by the court.
 
 See
 
 § 45.031(5), Fla. Stat. (2008) (providing that the certificate of title will be automatically issued by the clerk ten days after the sale unless objections are filed);
 
 see also In re Jaar,
 
 186 B.R. 148, 153-54 (Bankr.M.D.Fla.1995) (noting that a mortgagor’s right of redemption expires with the filing of the certificate of sale, objections to the sale do not affect or cloud the title of the purchaser in any way, and that a certificate of sale must be set aside before a mortgagor can have any rights back and concluding based on these statutory provisions that “in Florida a residence is sold at a foreclosure sale ... at the time that the certificate of sale is filed by the clerk”). Thus, while Shlishey’s rights in the property may have been inchoate during the ten-day objection period,
 
 see Roy v. Matheson,
 
 263 So.2d 604, 606 (Fla. 4th DCA 1972), it nevertheless had protectable legal rights in the property. Accordingly, Shlishey was entitled to notice and an opportunity to be heard before those rights were taken away.
 

 CitiFinancial also contends that the trial court’s actions could not violate procedural due process because no specific post-sale procedure is statutorily mandated. It contends, in essence, that because there are procedural gaps in chapter 45, the trial court could proceed however it wished. This argument is baseless for two reasons. First, this court has previously held that when a statute contains procedural gaps, those gaps will be filled “by the commonsense application of basic principles of due process.”
 
 Massey,
 
 842 So.2d at 145 (quoting
 
 City of Tampa v. Brown,
 
 711 So.2d 1188, 1189 (Fla. 2d DCA 1998)). Thus, the absence of an explicit statutory procedure for post-sale proceedings did not give the trial court liberty to simply ignore the procedural due process rights of interested parties.
 

 Second, contrary to CitiFinan-cial’s argument, the statute does set forth the required procedure. Section 45.031(8) provides that objections based on the amount of the bid may be filed within ten days after the clerk files a certificate of sale, and “[i]f timely objections to the bid
 
 *1276
 
 are served, the
 
 objections shall be heard by the court.”
 
 (Emphasis added.) For the court to “hear” objections, it must provide both notice and an opportunity for any interested party to address those objections.
 
 See, e.g., Nelson v. Santora,
 
 570 So.2d 1374, 1376 (Fla. 1st DCA 1990) (interpreting former version of section 45.031(8) to require the court to hold an actual hearing on any objections). We recognize that “[t]he specific parameters of the notice and opportunity to be heard required by procedural due process are not evaluated by fixed rules of law, but rather by the requirements of the particular proceeding,”
 
 Massey,
 
 842 So.2d at 146, and we do not hold that a court may only “hear” objections to a foreclosure sale at an in-court proceeding with counsel physically present. However, we are certain that the word “heard” in section 45.031(8) does not contemplate that objections to a foreclosure sale may be decided ex parte and without notice to
 
 all
 
 interested parties, including the buyer holding the facially valid certificate of sale.
 

 Because of the patent procedural due process violations in this ease, we reverse the order setting aside the foreclosure sale and remand for 'further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 ALTENBERND and FULMER, JJ., Concur.