# Third District Court of Appeal

## State of Florida

Opinion filed March 11, 2015.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D13-3099
Lower Tribunal No. 12-7660

————————————

**William J. Bymel,**
Appellant,

vs.

**Bank of America, N.A.,**
Appellee.

An Appeal from an order of the Circuit Court for Miami-Dade County, Jennifer D. Bailey, Judge.

Krinzman, Huss, Lubetsky, and Cary A. Lubetsky and Aniella Gonzalez, for appellant.

Albertelli Law (Tampa),[1] for appellee.

———————————————

[1] Albertelli Law represented Bank of America in the proceedings below, and Bymel served Albertelli Law with his notice of appeal. This Court issued an order directing Bank of America to file an answer brief within ten days from the date of the order or be precluded from filing a brief and/or presenting an oral argument. Bank of America failed to file an answer brief as directed by this Court. Thereafter, this Court issued an order precluding Bank of America from filing an

Before SHEPHERD, C.J., and SUAREZ and ROTHENBERG, JJ.

ROTHENBERG, J.

William J. Bymel ("Bymel") appeals from an order denying his motion to intervene in the foreclosure action filed by Bank of America, N.A. against Paul Everett and Carmell S. Johnson-Everett (collectively, "the Everetts").[2] We find that the trial court abused its discretion by denying the motion to intervene, and therefore, we reverse and remand for further proceedings.

After Bank of America filed its foreclosure action against the Everetts and recorded its lis pendens in 2012, Bank of America approved a short sale of the Everetts' property to Bymel in May 2013. Prior to the closing of the short sale, Bank of America approved the settlement statement that was prepared by the settlement agent. Then, in June 2013, the short sale transaction closed; the Everetts executed a warranty deed naming Bymel as the purchaser of the real property, which deed was later recorded; and the settlement agent initiated a wire transfer to Bank of America of the short sale proceeds. The wire transfer was not

answer brief or presenting an oral argument unless otherwise ordered, but allowed Bank of America to file a memorandum of points and authorities in support of its position. As of this date, Bank of America has not filed anything in this appeal.

[2] Bymel also appealed the denial of his motion to continue the non-jury trial scheduled for December 10, 2013. The non-jury trial did not take place due to Bymel's filing of the instant appeal, and therefore, the denial of the motion to continue is no longer at issue.

accepted by Bank of America,[3] and thereafter, the settlement agent attempted to resolve the matter with Bank of America. In October 2013, Bank of America sent a second letter to the Everetts stating that it was approving the short sale to Bymel. As requested by Bank of America, the Everetts executed this letter although the short sale had previously closed and the Everetts had already transferred the property to Bymel in June 2013. On December 5, 2013, Bank of America contacted the settlement agent acknowledging that it had received certain documents but indicated that there had not been a final approval. Bank of America informed the settlement agent that one of its settlement associates would be in contact within five days.[4]

Based on these proceedings, Bymel moved on December 6, 2013, to continue the non-jury foreclosure trial scheduled for December 10, 2013, and also moved to intervene in the foreclosure action pursuant to Florida Rule of Civil Procedure 1.230. Bymel asserted that he has a superior interest in the real property because he is the present owner of the real property as a result of the short sale approved by Bank of America. Bymel further asserted that he reasonably

_____

[3] At this point, it is unclear why Bank of America refused to accept the short sale funds after approving the settlement statement and allowing the short sale to proceed to closing. We note, however, that the short sale approval letter provides that Bank of America will cancel the approval of the short sale offer and continue with the foreclosure action if the terms and conditions of the short sale approval are not met. We offer no opinion as to whether the terms and conditions of the short sale were met.

[4] The short sale proceeds are currently in the settlement agent's trust account.

anticipated that Bank of America would dismiss the foreclosure action, discharge the notice of lis pendens, and record a satisfaction of mortgage shortly after the closing of the short sale, thereby clearing title to the real property. The trial court denied Bymel's motion to continue the trial and motion to intervene. Bymel's appeal followed.

Bymel contends that the trial court abused its discretion by denying his motion to intervene. See Racing Props., L.P. v. Baldwin. 885 So. 2d 881, 883 (Fla. 2004) (holding that a trial court's ruling on a motion to intervene is reviewed for an abuse of discretion). Under the facts of this case, we agree.

Rule 1.230 provides: "Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion." As stated earlier, Bymel claims that he has an interest in the pending litigation because he is the current owner of the real property that is the subject of Bank of America's foreclosure action.

We recognize that in Andresix Corp. v. Peoples Downtown National Bank, 419 So. 2d 1107 (Fla. 3d DCA 1982), this Court affirmed the denial of Andresix's motion to intervene in a pending foreclosure action, holding that "Andresix, as a purchaser of property which was then the subject of a mortgage foreclosure action

4

and accompanying lis pendens by Peoples Downtown National Bank, was not entitled to intervene in such action." Id. at 1107; see SADCO, Inc. v. Countrywide Funding, Inc., 680 So. 2d 1072, 1072 (Fla. 3d DCA 1996) (affirming denial of motion to intervene in a residential foreclosure action citing to Andresix for the proposition that a "purchaser of property that was subject of lis pendens arising from bank's foreclosure action was not entitled to intervene in that action"); see also Timucuan Props., Inc. v. Bank of New York Mellon, 135 So. 3d 524, 524 (Fla. 5th DCA 2014) (per curiam affirmance citing to SADCO and Andresix). The rule in Andresix is based on the "concern that to allow purchasers pendente lite to intervene would unnecessarily protract litigation." Harrod v. Union Fin. Co., 420 So. 2d 108, 108 (Fla. 3d DCA 1982). Thus, when property is purchased during a pending foreclosure action in which a lis pendens has been filed, the purchaser generally is not entitled to intervene in the pending foreclosure action. Indeed, if such a buyer purchases the property, he does so at his own risk because he is on notice that the property is subject to the foreclosure action. See Centerstate Bank Cent. Fla., N.A. v. Krause, 87 So. 3d 25, 28 (Fla. 5th DCA 2012) ("[T]he purpose of a notice of lis pendens is to notify third parties of pending litigation and protect its proponents from intervening liens that could impair or extinguish claimed property rights."). Allowing such a purchaser to intervene would unnecessarily prolong the foreclosure action.

5

The instant case, however, is factually and materially distinguishable from Andresix, Harrod, SADCO, and this general rule. Unlike the purchasers in Andresix, Harrod, SADCO, and most situations where the buyer purchases property during a pending foreclosure action, Bymel was not a stranger to Bank of America. Rather, Bank of America was actively involved in Bymel's purchase of the real property because it had approved both the short sale of the real property to Bymel and the settlement statement prepared by the settlement agent prior to the short sale closing. Therefore, this is not a situation where Bymel believed that he was purchasing the property subject to the pending foreclosure action and the lis pendens. Instead, Bymel reasonably believed that following the short sale, Bank of America would dismiss its foreclosure action against the Everetts, discharge its notice of lis pendens, and record a satisfaction of its mortgage, thereby clearing title to the real property.

Based on the facts of this case, we conclude that the trial court abused its discretion by denying Bymel's motion to intervene. Accordingly, we reverse the denial of Bymel's motion to intervene and remand with instructions to enter an order allowing Bymel to intervene in the foreclosure action.

Reversed and remanded.