[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15349
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cv-80301-RLR


ROBERT S. LEVIN,
JOYCE V. LEVIN,

                                                    Plaintiffs-Appellants,


versus


PALM BEACH COUNTY,
GLENN MEEDER, JR.,
in his capacity as Collections Coordinator,
Palm Beach County Office of Financial Management
and Budget,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 26, 2018)

Before ED CARNES, Chief Judge, TJOFLAT, and NEWSOM, Circuit Judges.

PER CURIAM:

Robert and Joyce Levin appeal the district court's order denying their motion for sanctions and its order granting summary judgment to Palm Beach County, the county's financial management and budget office, and Glenn Meeder, Jr., the office's collections coordinator.

I.

In 1998 the Levins violated building codes at their home in Palm Beach County. That year the County created two notices relevant to this appeal: a notice of the violations and a notice of a hearing about the violations. In September and December 1998 the County sent certified mail, return receipt requested, to a postal center mailbox that the Levins used for various purposes over the years.[1] Postal center employees signed for the two pieces of certified mail and placed them in the Levins' mailbox. Although the return receipts for both pieces of certified mail do not specify their contents, a County code enforcement officer, Deborah Wiggins, swore by affidavit that the pieces contained the violation and hearing notices.

In early 1999 the County placed a lien on the Levins' home because they failed to correct the building code violations. The Levins allege that they became

---

[1] The Levins used the postal center address to receive certain notices and tax bills from Palm Beach County's tax collector and property appraiser offices about their home from 1997 to 1999. They also listed the address as their mailing address on unrelated litigation documents they signed in 2001. And Robert Levin used the address for his business in 1996 and 1999.

aware of the lien in 2016, when they had trouble getting title insurance to sell a condo that Joyce Levin inherited. Their alleged lack of awareness led to the accrual of more than $40,000 in fines, fees, and interest, and their inability to find a buyer for the condo. It also led to this lawsuit.

The Levins sued Palm Beach County, its financial management and budget office, and Glenn Meeder, Jr., the collections coordinator. The Levins claim that the defendants, who we collectively refer to as the County, failed to provide them with the violation and hearing notices as section 162.12 of the Florida Statutes requires. See Fla. Stat. § 162.12(1) (1998).[2] The Levins and the County each moved for summary judgment. The County attached to its motion Wiggins' affidavit, in which she described her familiarity with the County's process for issuing and mailing violation and hearing notices, including those related to the Levins' building code violations. The Levins moved to exclude Wiggins' affidavit, arguing that the County failed to identify her as a person with relevant knowledge in its response to several interrogatories. But the Levins had attached to their complaint documents showing that Wiggins played a key role in creating the violation and hearing notices. They also listed her in their initial disclosures

---

[2] We discuss only the violation and hearing notices because section 162.12 did not require the County to provide the Levins with the notice of the code enforcement board's order and the notice of the lien, the Levins' contrary argument notwithstanding. See Fla. Stat. § 162.12 (1998); see also City of Tampa v. Brown, 711 So. 2d 1188, 1188–89 (Fla. 2d DCA 1998).

and identified her as a code enforcement officer who had knowledge about the violation notice.  And the County listed her in its initial disclosures along with her contact information, her position, and her knowledge about the violation and hearing notices.

The district court denied the Levins' motion to exclude Wiggins' affidavit and then denied the Levins' motion for reconsideration and for other sanctions.  It also granted summary judgment to the County, finding that the County complied with the notice requirements of the 2017 version of section 162.12.  The district court did not discuss whether the County complied with the 1998 version of section 162.12, which was in effect when the notices were sent.  This is the Levins' appeal.

II.

The Levins first contend that the district court erred in denying their motion to exclude Wiggins' affidavit and declining to impose other sanctions against the County.  They argue that the County violated its discovery obligations because it did not disclose Wiggins in some of its interrogatory responses and failed to supplement those responses to disclose her.[3]  And because that violation was

---

[3] The Levins also argue that the district court erred in denying their motion to exclude Wiggins' affidavit because the County failed to identify Wiggins as an expert. We reject that argument because the Levins did not present it to the district court. See Juris v. Inamed Corp., 685 F.3d 1294, 1325 (11th Cir. 2012) ("If a party hopes to preserve a claim, argument, theory, or defense on appeal, she must first clearly present it to the district court, that is, in such a way as to

neither substantially justified nor harmless, the Levins argue, the district court should have imposed sanctions. We disagree.

Two Federal Rules of Civil Procedure govern this issue. Rule 26(e) requires a party to timely supplement its interrogatory response if it discovers that the response is materially "incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). And Rule 37(c) outlines the consequences of a party's failure to do so: that party is not allowed to use the additional or corrective "information . . . to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Other consequences include paying the reasonable expenses caused by the party's failure. Id.

"The standard of review for an appellate court in considering an appeal of sanctions under Rule 37 is sharply limited to a search for an abuse of discretion and a determination that the findings of the trial court are fully supported by the record." Serra Chevrolet, Inc. v. Gen. Motors Corp., 446 F.3d 1137, 1146–47 (11th Cir. 2006) (quotation marks and brackets omitted).

---

afford the district court an opportunity to recognize and rule on it."); id. ("A federal appellate court will not, as a general rule, consider an issue that is raised for the first time on appeal.").

5

The district court did not abuse its discretion in denying the Levins' motion to exclude Wiggins' affidavit and declining to impose other sanctions against the County. Even if the County violated Rule 26(e) by failing to supplement its interrogatory responses, that violation was harmless. The Levins attached documents to their complaint showing that Wiggins played a role in making the violation and hearing notices. And they included Wiggins' name in their own initial disclosures, correctly identifying her as a code enforcement officer who could testify about the violation notice. The County also included Wiggins' name — and her contact information, her position, and her knowledge of the violation and hearing notices — in its initial disclosures. So any failure of the County to disclose Wiggins in its interrogatory responses or to supplement those responses was harmless.

## III.

The Levins next contend that the district court erred in granting summary judgment to the County. They argue that the court, to their detriment, erroneously relied on the 2017 version of section 162.12 instead of the 1998 version, which was in effect during the relevant time period. They also argue that there are material facts in dispute as to whether the County complied with section 162.12. We reject both arguments.[4]

---

[4] We also reject the Levins' argument that the district court erred in finding that the

6

We review de novo a district court's grant or denial of summary judgment. Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). We review the record and draw all reasonable inferences in the light most favorable to the nonmovant. Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002). "Summary judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Moton, 631 F.3d at 1341 (quotation marks omitted). There is no genuine dispute "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

## A.

The Levins argue that the district court erred in granting summary judgment to the County because the 1998 version of section 162.12 governed at the times the notices were sent. We disregard all errors that do not affect a party's substantial rights. 28 U.S.C. § 2111. Errors affect a substantial right only "if they have a substantial influence on the outcome of a case or leave grave doubt as to whether

---

County did not violate their due process rights by not using the "best address available to [it]." The requirements of due process are met when, as here, the notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Arrington v. Helms, 438 F.3d 1336, 1349–50 (11th Cir. 2006) (quotation marks omitted). That the County failed to use the Levins' home address is of no moment. See Juris, 685 F.3d at 1321 ("[D]ue process does not require actual notice, but rather a good faith effort to provide actual notice." (quotation marks omitted)).

7

they affected the outcome of a case." Hearn v. McKay, 603 F.3d 897, 904 (11th Cir. 2010). "The party asserting error has the burden of proving that the error" affected that party's substantial rights. United States v. Killough, 848 F.2d 1523, 1527 (11th Cir. 1988).

Even if the district court erred by relying on the 2017 version of section 162.12, that error was harmless because the outcome of the case would have been the same under the 1998 version. The relevant part of the 1998 version says that violation and hearing notices "shall be provided to the alleged violator by," among other things, "certified mail, return receipt requested." Fla. Stat. § 162.12(1) (1998). And the relevant part of the 2017 version says that violation and hearing notices "must be provided to the alleged violator by . . . [c]ertified mail, and at the option of the local government return receipt requested." Id. § 162.12(1) (2017). Both versions require notice by certified mail, but the 1998 one requires return receipt requested while the 2017 one makes it optional. For purposes of this appeal, that is a distinction without a difference.

The district court found that the County sent the notices to the Levins by certified mail, return receipt requested. That means that the County complied with both the 1998 and 2017 versions, which in turn means that the Levins have failed to carry their burden of proving that the district court's reliance on the 2017 version affected their substantial rights.

8

B.

The Levins next argue that the district court erred in granting summary judgment to the County because there is a genuine dispute as to whether it complied with section 162.12(1), which provides that:

> All notices required by this part shall be provided to the alleged violator by certified mail, return receipt requested; by hand delivery by the sheriff or other law enforcement officer, code inspector, or other person designated by the local governing body; or by leaving the notice at the violator's usual place of residence with any person residing therein who is above 15 years of age and informing such person of the contents of the notice.

Fla. Stat. § 162.12(1) (1998).

The Levins assert that this section lists two, rather than three, methods by which a notice must be provided to alleged violator: (1) by certified mail, return receipt requested <u>and</u> by hand delivery, or (2) by leaving the notice at the alleged violator's residence. They urge us, in other words, to treat the first two semicolons in the statute as conjunctive.

The Levins' interpretation "lacks authority in . . . regular English." <u>See</u> <u>Watson v. United States</u>, 552 U.S. 74, 78, 128 S. Ct. 579, 582–83 (2007). A series that concludes with "or" is disjunctive. <u>See</u> <u>United States v. Aldrich</u>, 566 F.3d 976, 979 (11th Cir. 2009) (concluding that the meaning of words in a list divided by commas and that concluded with "or" were separate and distinct); <u>see also</u> <u>Brown v. Budget Rent-A-Car Sys., Inc.</u>, 119 F.3d 922, 924 (11th Cir. 1997) ("As a

9

general rule, the use of a disjunctive in a statute indicates alternatives and requires that those alternatives be treated separately." (quotation marks omitted)).

Section 162.12(1) is a list divided by semicolons and that concludes with "or." That list requires any one of three separate and distinct methods of service: (1) by certified mail, return receipt requested; or (2) by hand delivery; or (3) by leaving the notice at the alleged violator's residence. The County used the first method.

The County presented evidence that it delivered the notices to an address that both Levins used for various purposes, including the receipt of other notices and tax bills from Palm Beach County's tax collector and property appraiser offices about their home. And postal center employees signed for the notices and placed them in the Levins' mailbox. The County also presented certified mail return receipts showing that it provided the violation and hearing notices by certified mail, return receipt requested. Those receipts indicate a delivery date of September 1998 for the violation notice and December 1998 for the hearing notice. On this point the Levins argue that there is insufficient proof that the mail included the notices because the mail receipts do not indicate their contents. But the Levins have not presented any evidence showing that the mail contained anything but the notices at issue. And "conclusory allegations [are] not sufficient to oppose a

10

motion for summary judgment." <u>Fullman v. Graddick</u>, 739 F.2d 553, 557 (11th Cir. 1984).

The Levins have not presented evidence that could lead a rational trier of fact to conclude that the violation and hearing notices were not "provided" to them by "certified mail, return receipt requested." Fla. Stat. § 162.12(1) (1998). The district court did not err in granting summary judgment to the County.

**AFFIRMED.**