# Third District Court of Appeal

## State of Florida

Opinion filed December 18, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-252
Lower Tribunal No. 15-29481
_____

## Space Coast Credit Union,
Appellant,

vs.

## Eric Goldman, et al.,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Blaxberg, Grayson, Kukoff & Forteza, P.A., and Moises T. Grayson and Gaspar Forteza, for appellant.

Robert C. Meyer, P.A., for appellee Asset Recoveries, LLC.

Before SUAREZ, FERNANDEZ, and LOGUE, JJ.

LOGUE, J.

Space Coast Credit Union appeals the trial court's order granting Asset Recoveries, LLC the right to intervene in this foreclosure action. Because Asset Recoveries purchased the property at issue after Space Coast filed its notice of lis pendens, the trial court erred by allowing Asset Recoveries to intervene, and accordingly, we reverse.

Space Coast filed a foreclosure action against Eric Goldman ("Decedent Borrower") in December 2015. The following month, on January 22, 2016, a tenant living on the property filed a pro se answer. The answer disclosed that the Decedent Borrower had passed away. To the tenant's knowledge, the property had been passed to Yves Frantz Goldman ("Decedent's Brother").

Space Coast ultimately obtained a final judgment of foreclosure. Subsequently, however, the court set aside the judgment on Space Coast's own motion so that Space Coast could add as defendants the estate of the Decedent Borrower, the Decedent Borrower's heirs, National Equity Recovery Services (who had been assigned the rights of the heirs), and the Decedent's Brother. Significantly, Space Coast recorded a new notice of lis pendens.

The Decedent's Brother then filed a crossclaim against the estate, the heirs, and National Equity, for mortgage payments he made as loans to the Decedent Borrower. The Decedent's Brother sought to "foreclose claim and lien and to impose a constructive or resulting trust . . . against the real property that is the subject of the

2

instant foreclosure action." After securing a default on the crossclaim, the Decedent's Brother obtained a foreclosure judgment against the heirs and the estate.

Pursuant to that judgment, the property was sold to Asset Recoveries, the appellee. Concerned that Space Coast's claim for attorney's fees was excessive and Space Coast failed to properly credit all payments made to it by prior owners, Asset Recoveries filed a motion to intervene for the limited purpose of establishing the proper redemption amount. The trial court allowed Asset Recoveries to intervene but "only for the purpose of challenging or questioning witnesses and participating in proceedings to determine the amount owed to [Space Coast]." This appeal followed.[1]

Analysis

Under Florida law, "when property is purchased during a pending foreclosure action in which a lis pendens has been filed, the purchaser generally is not entitled to intervene in the foreclosure action." Bymel v. Bank of Am., N.A., 159 So. 3d 345,

---

[1] While this appeal was pending, Asset Recoveries filed an ex parte motion to vacate the order on appeal. On April 16, 2018, the trial court granted the motion while still authorizing Asset Recoveries to "participate at the trial or evidentiary hearing in this matter to facilitate this Court determining the amount owed to Plaintiff, or the redemption amount." Because the trial court lacked jurisdiction to amend the order on appeal, we continue to review the original January 8, 2018 order on appeal. See Schultz v. Schickedanz, 884 So. 2d 422, 424 (Fla. 4th DCA 2004) ("A trial court is divested of jurisdiction upon notice of appeal except with regard to those matters which do not interfere with the power and authority of the appellate court or with the rights of a party to the appeal which are under consideration by the appellate court.")

347 (Fla. 3d DCA 2015). As this Court has noted, "[i]ndeed, if such a buyer purchases the property, he does so at his own risk because he is on notice that the property is subject to the foreclosure action." Id.

Here, it is undisputed that the lis pendens was filed prior to Asset Recoveries' purchase of the property. As such, Asset Recoveries was "on notice that the property [was] subject to a foreclosure action" and was therefore, under the facts of this case, not entitled to intervene in the foreclosure action. Id. See Tikhomirov v. Bank of New York Mellon, 223 So. 3d 1112, 1114 (Fla. 3d DCA 2017) ("It is well established that a purchaser of property that is the subject of a pending foreclosure action is not entitled to intervene in the foreclosure action where a notice of lis pendens has been recorded."); Andresix Corp. v. Peoples Downtown Nat'l Bank, 419 So. 2d 1107, 1107 (Fla. 3d DCA 1982) (affirming "the trial court's order denying the motion to intervene by Andresix Corporation upon a holding that Andresix, as purchaser of property which was then the subject of a mortgage foreclosure action and accompanying lis pendens by [the Bank], was not entitled to intervene in such action."); see also SADCO, Inc. v. Countrywide Funding, Inc., 680 So. 2d 1072, 1072 (Fla. 3d DCA 1996) (affirming trial court's denial of motion to intervene under the authority of Andresix).

Nevertheless, Asset Recoveries argues it is entitled to intervene under the authority of Bymel, 159 So. 3d at 345-46, wherein this Court allowed a third party

4

purchaser to intervene in a foreclosure. Bymel, however, recognized only a narrow exception to the general rule against such interventions which does not apply here.

Bymel was a foreclosure case where a third party purchaser appealed the denial of his motion to intervene. Id. at 346. While the foreclosure was pending, the lender approved a short sale between the borrowers and the third party purchaser. The approved short sale closed, a warranty deed was executed, and the settlement agent initiated the wire transfer of the funds to the lender. The lender, however, refused to accept the wire transfer. For the next several months, the settlement agent attempted to resolve the dispute regarding the wire transfer. Ultimately, five days before the scheduled foreclosure trial, the lender repudiated the short sale. The following day, the third party purchaser moved to intervene and continue the trial. The trial court denied the motions and the third party purchaser appealed. Id.

This Court reversed. We held the general rule preventing third party purchasers to intervene in a foreclosure actions did not apply because the third party purchaser "was not a stranger to [the lender]. Rather, [the lender] was actively involved in the [the third party purchaser's] purchase of the real property because it had approved both the short sale of the real property to [the third party purchaser] and the settlement statement . . . prior to the short sale closing." Id. at 347. Thus, Bymel was "not a situation where [the third party purchaser] believed that he was purchasing the property subject to the pending foreclosure action and the lis

5

pendens." Id. To the contrary, the third party purchaser "reasonably believed that following the short sale, [the lender] would dismiss its foreclosure action against the [borrowers], discharge its notice of lis pendens, and record a satisfaction of its mortgage, thereby clearing title to the real property." Id. Here, in contrast, no relationship between Asset Recoveries and Space Coast exists comparable to that between the third party purchaser and lender in Bymel.

Based upon the foregoing, we reverse the order granting Asset Recoveries' motion to intervene and remand for further proceedings consistent with this opinion.

Reversed and remanded.

**ANY POST-OPINION MOTION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE POST-OPINION MOTION MAY BE FILED WITHIN FIVE DAYS THEREAFTER.**