# Third District Court of Appeal
## State of Florida

Opinion filed November 27, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1763
Lower Tribunal No. 23-27173-CA-01
_____

**Carbonell LLC,**
Petitioner,

vs.

**North American Trading Group, Inc., et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Joseph Perkins, Judge.

Gunster, and Michael B. Green and Lawrence G. Horsburgh, for petitioner.

Law Offices of Damian G. Waldman, P.A., and Damian G. Waldman and Farha Ahmed (Largo); DeLuca Law Group, PLLC, and Kimberly George (Fort Lauderdale), for respondents.

Before SCALES, LINDSEY and BOKOR, JJ.

PER CURIAM.

Carbonell, LLC, the successful bidder in a foreclosure sale, petitions for certiorari relief from a trial court order denying its motion to intervene in subsequent proceedings by the original owner to vacate the summary final judgment of foreclosure. Because, under the circumstances present here, Carbonell had the right to intervene to protect its ownership interest, the trial court's order barring Carbonell from participating in the hearing on the original owner's "Motion to Quash Service, Motion to Vacate and Set Aside Final Judgment and Order of Default" departed from the essential requirements of the law and cannot be remedied on appeal. Accordingly, we grant the petition.

The cases cited by North American Trading Group, Inc., and the trial court, in which the court finds no right to intervene, involve situations, unlike here, where the purchaser has no right to intervene because it takes the property subject to a preexisting "decree or judgment." Intermediary Fin. Corp. v. McKay, 111 So. 531, 532 (Fla. 1927). But the record reflects, and Carbonell explains, that it didn't purchase the property during some other pending litigation or foreclosure proceeding, but rather was the winning bidder at a foreclosure sale following entry of final judgment. None of the cases cited stand for the proposition that the winning bidder, and now holder of the certificate of title, lacks standing to defend its interest in the very

2

foreclosure proceedings that resulted in the sale. For example, <u>Space Coast Credit Union v. Goldman</u>, 262 So. 3d 836, 838 (Fla. 3d DCA 2018), barred intervention where the successful purchaser, Asset Recoveries, bought the property while it was on notice that the property was subject to foreclosure in a separate action to which it was a stranger. <u>See also</u> <u>Tikhomirov v. Bank of New York Mellon</u>, 223 So. 3d 1112, 1114 (Fla. 3d DCA 2017) ("It is well established that a purchaser of property that is the subject of a **pending** foreclosure action is not entitled to intervene in the foreclosure action where a notice of lis pendens has been recorded." (emphasis added)); <u>Andresix Corp. v. Peoples Downtown Nat'l Bank</u>, 419 So. 2d 1107, 1107 (Fla. 3d DCA 1982) ("[A] purchaser of property **which was then** the subject of a [pending] mortgage foreclosure action and accompanying lis pendens by Peoples Downtown National Bank, was not entitled to intervene in such action." (emphasis added)). In other words, Carbonell likely couldn't intervene in some separate foreclosure action or other pending litigation that impacts the property at issue where a lis pendens has been filed, because its interest would be subject to such determination, and it is a stranger to those actions.

But that's not what's happening here. Here, Carbonell seeks only to preserve its ownership interest obtained through the foreclosure sale in this action. Under the circumstances present here, Carbonell, as the winning

3

bidder, has standing to defend the foreclosure judgment that resulted in the foreclosure sale at which it was the winning bidder. See Martin Props., Inc. v. Fla. Indus. Inv. Corp., 833 So. 2d 825, 827 (Fla. 4th DCA 2002) (finding third party purchaser at foreclosure sale had standing to challenge the assignment of the mortgagor's equitable right of redemption because if "the assignment of the equity of redemption was not valid, MPI, as the successful bidder at the foreclosure sale, will own the property"); Shlishey the Best, Inc. v. CitiFinancial Equity Servs., Inc., 14 So. 3d 1271, 1273 (Fla. 2d DCA 2009) (reversing trial court's order setting aside the foreclosure sale and vacating the certificate of title because third party purchaser at foreclosure sale "was denied procedural due process" where the trial court entered such orders ex parte without an opportunity for the third party purchaser to be heard). Because the trial court should have permitted Carbonell's intervention, we grant the petition for certiorari and quash the order under review.

Petition granted; order quashed.